## 37110. GLENNVILLE WOOD PRESERVING COMPANY, INC. v. RIDDLESPUR et al.

ORDER OF COURT.

Upon consideration of the application for certiorari filed to review the judgment of the Court of Appeals in this case, it is ordered that the writ be hereby denied.

*All the Justices concur.*

ORDERED JANUARY 8, 1981.

CLARKE, Justice, concurring.

The court has denied certiorari in this case which was decided by the Court of Appeals and reported in 156 Ga. App. 578. The plaintiff recovered for injuries sustained in a motor vehicle collision. After the verdict was returned, defendant learned that dogs belonging to one of the injured parties had been kept by a person who served on the jury when the case was tried. The juror gave an affidavit affirming this fact and admitting that she had answered negatively when asked if she "had any knowledge of the case." She said she gave this answer because the judge had told another juror that being a friend of the party did not make any difference. The trial court allowed the judgment to stand and the Court of Appeals affirmed.

I concur in the denial of the application for writ of certiorari. However, I am constrained to state that I am not in total agreement with the reasons given by the Court of Appeals in affirming the trial court. The Court of Appeals grounded its affirmance on the principle that affidavits of jurors may not be used to impeach their verdict. In my view, the affidavit here did not impeach the verdict. This is simply a case of whether the response to the voir dire was truthful. The juror's answer was apparently honest even though it lacked elaboration. A fuller response would have been required if the juror had been asked that all-important question, "How 'bout them Dawgs?"