### 73246. DANIEL v. THE STATE.
(350 SE2d 49)

BIRDSONG, Presiding Judge.

The defendant, Frank Daniel, appeals his conviction for the offense of burglary. On the night of January 8-9, 1986, the office of the Talbot County Department of Family & Children Services was burglarized. Items missing included $96 in cash, $21 in voided food coupons, one check made out to a pharmacy for $18.19, and a bank statement for the DFCS office. An agent of the Georgia Bureau of Investigation found blood in a chair, on the wall, and in an office within the DFCS. Defendant denied any knowledge of the offense and said he spent the night in a car parked in the front yard of his mother's house, which was directly across the street from the DFCS office. His mother testified that she could see the car from her bedroom window and her son did not leave the car during the entire night.

The Chief of Police, acting on information from an informant, arrested Daniel on the day following the burglary. On defendant's

person at the time of his arrest was $96.05 in cash, $21 in food coupons, one check from DFCS made out to a pharmacy for $18.19, and a bank statement on the DFCS. A police officer testified that at 2:30 a.m. on the night of the burglary, the light from his patrol car showed defendant standing on the front porch of his mother's residence, fully clothed. The GBI agent who attempted to talk to defendant after his arrest observed a fresh cut on the index finger of his hand. Dried blood was all over his hand which had not been washed since being cut.

Daniel said he cut his hand earlier while working on a car and reopened the cut on the day of the burglary while working on another car. When he arose the morning following the burglary, he walked into town and found a discarded sack containing the items found on his person when he was arrested, except for the money. He had earned the $96 found on him by working. The Chief of Police testified that on the day prior to the burglary, Daniel had appeared before a trial judge and advised the court he "didn't have any money at all" to pay his fine. Daniel appeals from the jury verdict of guilty and judgment entered on the verdict. *Held*:

1. Defendant argues that the verdict is strongly against the weight of the evidence. Any issue of whether a "verdict is . . . strongly against the weight of the evidence is addressed to the trial court alone." *Thomas v. State*, 173 Ga. App. 810, 812 (328 SE2d 422). This court will consider only the sufficiency of the evidence. *Eubanks v. State*, 240 Ga. 544 (1) (242 SE2d 41).

2. The general grounds are enumerated as error. When viewed in the light favorable to the verdict, the evidence is sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 28, 1986.

*Tina G. Stanford*, for appellant.

*William J. Smith*, District Attorney, *Michael D. Reynolds*, Assistant District Attorney, for appellee.