73962. CRUMP v. THE STATE.
(357 SE2d 863)

BEASLEY, Judge.

Defendant appeals his conviction of two counts of child molestation (OCGA § 16-6-4) on the general grounds, citing OCGA §§ 5-5-20 and 5-5-21, which apply to motions for new trial. No motion for new trial was made in this case. Defendant urges the novel approach that this court should directly sit in judgment of whether a new trial should be granted on the general grounds. The reasons given for this proposed bypass are that trial courts rarely grant new trials, thus frustrating legislative intent; that this court has the same resources with which to make such a decision; and that when this court reviews a trial court's denial of new trial it is hampered by the very narrow "abuse" rule which would obviously not apply if this court considered a new trial initially. The approach is fraught with impediments.

First, the legislature has given the discretion for new trial based on the general grounds to the "presiding" judge. OCGA §§ 5-5-20 and 5-5-21. Second, this court cannot observe and hear the witnesses and thus cannot discern their credibility or weigh the evidence, as can the trial judge as the "thirteenth juror." *Barnes v. State*, 175 Ga. App. 621, 623 (1) (334 SE2d 205) (1985), rev'd in part on other grounds, 255 Ga. 396 (339 SE2d 229) (1986). Third, this court could not avoid the "abuse" rule, because it is exclusively a court of review of claimed trial court errors. *Frymyer v. State*, 179 Ga. App. 391, 393 (3) (346 SE2d 573) (1986). Where the trial court has not been asked to rule,

there is nothing to review. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

Thus, this court cannot entertain what amounts to an original motion for new trial. None having been made below, whether or not the general grounds warrant a new trial is not before us. *Daniel v. State*, 180 Ga. App. 687, 688 (1) (350 SE2d 49) (1986). However, as *Daniel* regards it, the question of the sufficiency of the evidence is appropriate for our consideration. *Daniel*, supra., Div. 2.

Defendant asserts that the "any evidence" standard for appellate review should be replaced by the "beyond a reasonable doubt standard," in considering sufficiency of the evidence. The latter having been the constitutionally mandated standard of review under the federal constitution since *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); e.g., *Syms v. State*, 175 Ga. App. 179 (332 SE2d 689) (1985), see *Daniel v. State*, supra, we examine the evidence under it.

We view the evidence in a light most favorable to the jury's verdict. *Hudgins v. State*, 125 Ga. App. 576, 577 (188 SE2d 430) (1972). Defendant was charged with molesting his two granddaughters, Tiffany, age 5, and Sharonda, age 11 months. The mothers of the two children, the daughters of defendant, both testified. Tiffany's mother stated that on the weekend of April 4-6, 1986, she left her daughter with her parents. Sharonda was also staying there. The next weekend, the two girls were left alone with defendant while the daughters took their mother to the store. That night, while bathing Tiffany, her mother noticed her vagina was red and the child complained that it burned.

Tiffany told her mother that defendant had "put his thing in her tutu" and in Sharonda's while she and Sharonda were staying with him. Both children were then examined by the mothers; Sharonda's genital area was also irritated. The children were then taken to a medical emergency center where a doctor found tears and healing ulcers in both children's vaginas. The doctor testified that the tears were consistent with sexual molestation. Tiffany's testimony was placed in evidence through her mother, with the only objection being that the defense counsel doubted the reliability of it. The court fully complied with OCGA § 24-3-16.

One of defendant's daughters, Tiffany's mother, testified she had been sexually abused by defendant when she was five years old. Her sister testified defendant had threatened to sexually abuse her.

Defendant testified that the incidents did not take place and offered that a neighbor child had abused the children.

The weight of the evidence and the credibility of the witnesses are questions for the factfinder. OCGA § 24-9-80; *King v. State*, 178 Ga. App. 343 (1) (343 SE2d 401) (1986). Here the jury chose to be-

lieve the mothers of the children and the 5-year-old child. Upon application of the proper test, the evidence supports the verdict. See *Bell v. State,* 180 Ga. App. 170 (1) (348 SE2d 712) (1986).

Defendant filed a handwritten notice of appeal which contains in it allegations of ineffective trial counsel. Although not argued in the brief submitted by new appointed appellate counsel, we note that the matter is not ripe for consideration by this court, not having been considered by the court below. *Lynn v. State,* 181 Ga. App. 461, 462 (1) (352 SE2d 641) (1987).

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED MAY 22, 1987.

*H. Haywood Turner III,* for appellant.
*William J. Smith, District Attorney,* for appellee.