## 74094. LOWRANCE v. THE STATE.
(359 SE2d 196)

SOGNIER, Judge.

Lowrance appeals from his conviction of misdemeanor theft by receiving, for which he was sentenced to the maximum period of confinement authorized.

1. Appellant contends he was denied the effective assistance of counsel because of the trial court's failure to appoint counsel for appellant based on his indigency. It was stipulated by the parties that prior to and at arraignment appellant applied to the court for appointment of counsel on the ground that appellant was indigent. Appellant's request was denied by the trial court on the sole ground that in the judicial circuit where he was tried, criminal defendants, as a matter of policy, are not entitled to the services of a court-appointed attorney if charged only with a misdemeanor offense. It was also stipulated that one week after trial the court made a determination that appellant was, in fact, indigent.

The policy stated by the trial court violates the provisions of OCGA § 17-12-4 (a) and Rule 1.1 of the Guidelines for Local Indigent Defense Programs (246 Ga. 837) as approved by the Supreme Court of Georgia. The Code section and Rule 1.1 both require that counsel be appointed for indigent defendants, whether charged with a felony *or* misdemeanor, where such persons could be imprisoned under the state law of Georgia if found guilty.

Further, the bill of rights of the Constitution of the State of Georgia, 1983, provides that "[e]very person charged with an offense against the laws of this state shall have the privilege and benefit of counsel . . ." Art. I, Sec. I, Par. XIV.

At a hearing on appellant's claim of ineffective assistance of counsel it was established that fifteen or twenty minutes before appellant's trial, he was able to retain an attorney who was present after appellant's father agreed to "come up" with the money for the attorney's fee. Appellant's case was the first case called for trial and the attorney had no opportunity to file any motions or interview witnesses. In fact, it appears that the attorney had no opportunity to talk to appellant about his case because the attorney was trying to find out something about the case from another attorney. Appellant's trial counsel testified that he would have filed a motion to suppress evidence had he had an opportunity to do so. Although trial counsel did not make a motion for continuance or request a delay he had been present when the trial court informed appellant he was going to trial with or without an attorney. Thus, it would have been a futile gesture to ask for a continuance or delay, as it had been made clear what the court's answer would have been to such a request. Under such circumstances we find it was unnecessary to make such a request merely to

preserve the record for appeal. See, e.g., *Sawyer v. State*, 161 Ga. App. 479, 482 (1) (288 SE2d 108) (1982). Further, we do not believe appellant should be penalized because his attorney failed to make a pro forma motion for the record.

The benefit of counsel guaranteed by the Georgia Constitution is not satisfied merely because the defendant is represented by counsel on his trial, but his counsel is entitled to a reasonable time after his employment to prepare a defense in order that he may adequately and effectively represent his client. *Smith v. Greek*, 226 Ga. 312, 317 (175 SE2d 1) (1970). Determination of whether adequate time for preparation was allowed must rest upon the unique factual situation in each case, and the recurring theme of opinions concerning this problem has been that undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. *Tucker v. State*, 136 Ga. App. 456, 457 (1) (221 SE2d 664) (1975); *Williams v. State*, 144 Ga. App. 410, 411 (1) (241 SE2d 261) (1977).

Applying these rules and concepts of justice to the instant case we find that appellant was denied the benefit of counsel. We do not believe the most capable counsel could properly prepare for a contested jury trial in fifteen or twenty minutes, and to force appellant to trial under such circumstances denied him the effective assistance of counsel as guaranteed by the Georgia Constitution. Accordingly, we reverse.

2. Because of our decision in Division 1, we need not address appellant's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur in the judgment only.*

DECIDED JUNE 23, 1987.

*David J. Dunn*, for appellant.
*David L. Lomenick, Jr., District Attorney, Susan R. Sarratt, Assistant District Attorney*, for appellee.