## 75257. TOWNS v. THE STATE.
### (365 SE2d 137)

BEASLEY, Judge.

Defendant was convicted of three counts of burglary (OCGA § 16-7-1) for entering an office building, and two different offices of another office building, on the same day. On appeal, he contests only the conviction of the third count, which involves one of the latter. He concedes the sufficiency of the evidence as to the others.

He claims error in the trial court's denial of his motion for new trial as to Count 3. Count 1 alleged that defendant entered a "building occupied by Curtis Tucker, . . . located at Room 243 at 1803 Gloucester Street, . . . ." Count 3 alleged entry into "a building occupied by Marc Rankin, Glynn County Tax Assessor, located at Room 208 at 1803 Gloucester Street. . . ." Count 2 involved the Board of Education Building at another location.

Defendant contends that the evidence was insufficient to prove Count 3, listing substantially what have become loosely known as the "general grounds." He urges (1) that the verdict is contrary to law; (2) that the verdict is contrary to the evidence (OCGA § 5-5-20); and (3) that the verdict is strongly against the weight of the evidence (OCGA § 5-5-21). Ground one is not expressly found in either Code section, but "contrary to the principles of justice and equity" appears in OCGA § 5-5-20, and OCGA § 5-5-25 provides for the trial court's consideration on a motion for new trial of "other grounds" according to the provisions of the common law.

There are, however, no legal errors argued on appeal other than the sufficiency of the evidence, so the first ground presents nothing separate to review. Ground three, OCGA § 5-5-21, addresses itself solely to the trial judge's discretion. *Ridley v. State*, 236 Ga. 147, 149 (1) (223 SE2d 131) (1976), overruled to the extent that it used the "any evidence" standard for making this determination on appeal by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), as noted in *Adams v. State*, 255 Ga. 356, 357 (fn. 2) (338 SE2d 860) (1986); *Daniel v. State*, 180 Ga. App. 687, 688 (1) & (2) (350 SE2d 49) (1986). Accordingly, the only matter presented to this court from the remaining general ground is the sufficiency of the evidence, not its weight. See also *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988).

As to Count 3, the evidence when taken in a light favorable to the verdict showed as follows. The building at 1803 Gloucester Street was broken into by breaking a window on the first floor which then was opened and entered. Each individual office in the building locked separately and all were locked when the building was not occupied. A soft drink machine located in the first floor hallway was pried open and the coin box broken into and its contents taken. The door of the

office through which entry was made locked, and then an attempt was made to pry it open from the hallway where the drink machine was located. The door was not pried open.

The door from the hallway of Room 208, on the second floor, was pried open. A tire tool was found outside the Board of Education Building (Count 2) and pry marks from the door frame of Room 208 matched the tool, and paint chips found on the tool matched the paint on the soft drink machine. The window of Room 208 had been raised and a smudged hand print was on the wall near that window. Several of defendant's fingerprints were found on pieces of the glass from the first floor window and on the coin box. Because the smudged print was on concrete block, no identification could be made of it.

OCGA § 16-7-1 provides that a person commits burglary when, without authority and with intent to commit a felony therein, he "enters . . . any other building [other than a dwelling] . . . or any room or any part thereof." Defendant argues that the evidence was insufficient to show who occupied Room 208, that defendant entered that room, and that valuables were kept there. The first and last factors are not requirements in the composition of burglary. However, there was evidence of the first factor in that Ms. Cristobal testified that she worked in Room 208. As to defendant's entering the room, the evidence recited above is sufficient circumstantial evidence under the *Jackson* standard to support the jury's verdict. The evidence in toto was sufficient. *Daniel v. State,* supra at 688 (2).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 14, 1988.

*John W. Davis,* for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.