75285. STINSON v. THE STATE.
(364 SE2d 910)

BEASLEY, Judge.

Convicted of burglary (OCGA § 16-7-1 (a)) and aggravated sodomy (OCGA § 16-6-2 (a)), defendant appeals, claiming error in the denial of his motion for new trial.

The motion for new trial claimed three errors: (1) failure of the State to prove guilt beyond a reasonable doubt; (2) if guilt were proven beyond a reasonable doubt, the evidence was sufficiently close to warrant the exercise of discretion by the trial court in granting a new trial; (3) the court committed an error of law warranting a new trial.

On appeal, however, the error of law ground is not pursued as a separate ground apart from the evidence question, and there is thus nothing for us to consider in this regard. We note that although appellant embraces in his enumeration that the verdict is "contrary to law" the further assertion that it is contrary "to the principles of justice and equity," the latter concept, as well as the former when it

relates to the evidence question, has been subsumed in, or equated with, the evidence question. *Ridley v. State,* 236 Ga. 147, 149 (1) (223 SE2d 131) (1976). There the Court considered these two challenges on appeal as being nothing more nor less that the separately stated sufficiency attack on the evidence. Interestingly, only the "justice and equity" concept, and not the "law" concept, is contained in the words of OCGA § 5-5-20.

As to the remaining two grounds, they are presented on appeal in some of the language of OCGA § 5-5-20 and § 5-5-21, i.e., that the verdict is contrary to the evidence ("and without evidence to support it," which is not in the Code but we take to mean substantially the same thing), and that the verdict is decidedly and strongly against the weight of the evidence. As to the second of these, which is found in OCGA § 5-5-21, this ground is addressed to the trial judge's discretion alone. *Daniel v. State,* 180 Ga. App. 687, 688 (1) (350 SE2d 49) (1986). The only matter left is the "general ground" relating to the sufficiency of the evidence. *Ridley v. State,* supra, overruled to the extent that it used the "any evidence" standard for making this determination on appeal by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), as noted in *Adams v. State,* 255 Ga. 356, 357 (fn. 2) (338 SE2d 860) (1986).

At any rate the evidence, in the light favorable to the verdict, shows that defendant was identified by the victim as the man who broke into her apartment by climbing a pipe and breaking her second-story window and then assaulted her. Her neighbor called the police who arrived and saw defendant leaving the victim's apartment wearing only a tee shirt. Defendant fled from the officers and then told them a version of the encounter which was contested by the victim. Defendant then took the stand at his trial and told a completely different version of the incident. The evidence was sufficient, applying the standard of *Jackson v. Virginia,* supra. *Daniel v. State,* supra at 688 (2).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 14, 1988.

*J. Robert Joiner,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.