A90A1415. BUTLER v. THE STATE.
(401 SE2d 43)

BEASLEY, Judge.

Butler appeals the denial of his motion for new trial after his conviction of child molestation, OCGA § 16-6-4.

He was a shoe salesman working on commission when he was arrested on July 12, 1987. He was unable to make bond for 33 days, losing his job as a result. On August 6, 1987, he applied for appointed counsel and the Cobb circuit defender's office determined that he met the eligibility standards and appointed an attorney for him. Defendant never met or talked with this attorney.

When he was released on bond, defendant returned to work, but only part-time work was available. While defendant was incarcerated, he was evicted from his residence and all his belongings placed on the curb, from which most disappeared. He therefore had to expend most of his part-time income for essentials.

Because he now had income, the circuit defender's office determined he no longer met the eligibility standards for appointed counsel, and the attorney assigned was removed by court order of October 27, 1987.

After he was denied an attorney, he went to an attorney listed on the defender's qualified list. He was told a $5,000 retainer was necessary, which he was unable to pay.

At the motions hearing on December 10, 1987, defendant appeared pro se and was asked if he had an attorney. He responded that he was unable to afford one but had gotten a job and could "maybe" afford one later.

At the calendar call on January 18, 1988, defendant advised the court that he had been told he was not eligible for appointed counsel and that he had tried to retain counsel but was financially unable to do so. The court suggested he speak with the prosecutor, after which the case was taken off the calendar to give him an opportunity to get

an attorney. On March 1, 1988, defendant again applied for appointed counsel, but was found ineligible by the defender's office. No inquiry was made of him regarding his efforts to retain an attorney and his inability to pay the required retainer.

Defendant appeared at the April calendar call, again without an attorney, although this was not addressed by either defendant or the court.

At the trial of the case on November 1, 1988, defendant appeared without counsel and the issue was not further addressed. He conducted the voir dire himself, asking only minimal questions of a few potential jurors.

After the jury was empaneled and excused for lunch, defendant returned to court with an attorney who advised the court he represented defendant. He had been observing trials and had watched defendant conduct voir dire. At the lunch break, he approached defendant and told him he needed an attorney and he would represent defendant if he gave him a retainer. Defendant gave him a quarter as a retainer, which he then borrowed to make a phone call. The attorney, a member of the bar since 1981, had never tried a criminal case or assisted in trying one. His only civil experience was representing himself when he sued the bar examiners, contending the exam was unfair. Although he had applied to be placed on the circuit defender's list of qualified attorneys, he had not been accepted.

After conviction, trial counsel withdrew on December 30, 1988. On January 20, 1989, an order was entered adjudging defendant an indigent and counsel representing him on appeal was appointed.

New counsel filed a motion for new trial, asserting the general grounds, *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988); *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988). The motion was amended to include newly discovered evidence, failure to appoint counsel in violation of OCGA § 17-12-4 and USCR 29, and "ineffective assistance of counsel."

1. (a) Defendant first contends the trial court erroneously failed to appoint counsel, although he was indigent and had requested one, thereby depriving him of effective assistance of counsel in violation of Ga. Const. 1983, Art. I, Sec. I, Par. XIV, OCGA § 17-12-4, and implementing rules.

During this time, Cobb County provided a local indigent defense program, as contemplated by OCGA Title 17, Chapter 12, Article 1 and implemented by USCR 29.1 et seq.

USCR 29.4 provides that the court or its designee shall determine the financial eligibility of an accused for appointed counsel and that "[t]he court may appoint counsel in cases where the defendant does not qualify and cannot be provided counsel [as provided in the rules.]" See OCGA §§ 17-12-2 (5) and 17-12-10 (a) regarding indi-

gency vel non.

USCR 29.5 further provides that "[t]he court may appoint counsel for representation for any accused person who is unable to obtain counsel due to special circumstances such as emergency, hardship, or documented refusal of the case by members of the private bar because of financial inability to pay for counsel." The Cobb defender's guidelines repeat this provision, but specify that three attorneys must decline representation.[1]

Defendant was not advised there was any possibility he could obtain appointed counsel even if he did not meet the financial baseline, nor were the "special circumstances" inquired into as of the time of trial. There was a failure to comply with OCGA § 17-12-4 and implementing rules which effectively denied defendant counsel.

These failures resulted in the volunteering of trial counsel, who then advised the court he needed a continuance in order to prepare. Art. I, Sec. I, Par. XIV provides that "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel."

" '[Art. I, Sec. I, Par. XIV] . . . guarantees such person who is unable to employ counsel the right to have counsel appointed for him by the court. . . .' That benefit of counsel is not an empty right has been emphasized time and time again. . . . That reasonable time is necessary for the right to be truly a substantial one has been recognized in many cases. 'The constitutional guaranty amounts to nothing, unless the counsel selected by the accused or appointed by the court are [sic] given a reasonable time to ascertain what is the character of the case that the accused is called upon to defend.' *Nick v. State*, 128 Ga. 573 (58 SE 48). . . . [Cits.] While the time for preparation of such a case is generally a matter for the discretion of the trial judge, reviewing courts, when called upon, have to review the exercise of that discretion." *Fair v. Balkcom*, 216 Ga. 721, 725-726 (119 SE2d 691) (1961).

Denial of the requested continuance after an attorney volunteered to assume the representation was denial of counsel. *Smith v. Greek*, 226 Ga. 312, 317 (175 SE2d 1) (1970); *Fair*, supra; *Lowrance v. State*, 183 Ga. App. 421, 422 (1) (359 SE2d 196) (1987) (physical precedent); see *Walker v. State*, 194 Ga. 727, 733 (22 SE2d 462) (1942).

(b) There is another impediment to the validity of the process used here. Having repeatedly requested appointed counsel, defendant never waived his right to one.

Until representation was afforded, defendant never specified

---

[1] It is open to question whether the court's designee may specify how many members must refuse representation before this clause is activated, since the rule says "members," indicating only a number more than one.

whether he was relying on the federal Sixth Amendment right to counsel or that provided by Art. I, Sec. I, Par. XIV of the Georgia Constitution.

Under either, however, the standard for waiver requires an intentional relinquishment or abandonment of a known right or privilege, and the " 'constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.' *Johnson* [*v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE2d 1461) (1937)]." *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981). See *Hance v. Kemp*, 258 Ga. 649, 650 (1) (373 SE2d 184) (1988); *Singleton v. State*, 176 Ga. App. 733 (337 SE2d 350) (1985).

"(A) judge must investigate as long and as thoroughly as the circumstances of the case before him demand. . . . To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter. . . . [Cits.]" *Turner v. State*, 162 Ga. App. 806 (1) (293 SE2d 67) (1982). See *Moss v. State*, 196 Ga. App. 81 (395 SE2d 363) (1990). Here, the record reflects only defendant's request for an attorney or silence. There was not an adequate waiver. *Stapp v. State*, 249 Ga. 289 (1) (290 SE2d 439) (1982); *Strozier v. State*, 187 Ga. App. 16, 17 (1) (369 SE2d 504) (1988).

The judgment must be reversed, since a review of the record shows that counsel did not render "reasonably effective assistance." *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974). See *Brogdon v. State*, 255 Ga. 64, 68 (3) (335 SE2d 383) (1985).

2. Consideration of the remaining enumerations is not necessary in light of the holding in Division 1.

*Judgment reversed. Birdsong and Cooper, JJ., concur. Carley, C. J., and Sognier, J., concur in the judgment only. Deen, P. J., McMurray, P. J., Banke, P. J., and Pope, J., dissent.*

POPE, Judge, dissenting.

1. I cannot agree with the conclusion that the trial court failed to comply with OCGA § 17-12-4 and the implementing rules. Said statute requires all trial courts of the state to provide a procedure for determining a defendant's eligibility for appointed counsel and to ap-

point counsel in cases where a defendant is determined to be indigent. The record shows the Superior Court of Cobb County does have such a procedure. Rule 29.5 of the Uniform Superior Court Rules requires each superior court to determine income level for eligibility for appointed counsel. The record shows the Superior Court of Cobb County had established such an eligibility scale and that defendant in this case was reviewed on several occasions by the appropriate administrative officer to determine if he met the requirements for appointed counsel. Repeatedly it was determined that defendant's income exceeded the standard.

Rule 29.5 provides the court "may," in special circumstances, appoint counsel even for one who does not otherwise meet the eligibility standard where, inter alia, there is "documented refusal of the case by members of the bar because of financial inability to pay for counsel." The record shows the eligibility rules adopted by Cobb County also provide the public defender "may" accept a client for representation due to "refusal of the case by three members of the private bar." I find no requirement in the statutes or applicable rules that a defendant be advised of this rule permitting, though not requiring, appointment of counsel when the defendant is refused representation by the private bar. Therefore, I cannot concur with the majority opinion that a failure so to advise the defendant that he might otherwise qualify for appointed counsel even if he exceeded the income guidelines constitutes a failure to comply with the applicable statutes or rules.

Nor can I agree that the trial court in this case erred in failing to appoint counsel for defendant under the special circumstances provisions. In this case, at the preliminary motions hearing on December 10, 1987, four months after he was released from jail, defendant reported to the judge he had been rehired to his job and "now I can maybe afford an attorney." The trial judge declined to rule on defendant's motion for a continuance but informed defendant he could have until the scheduled trial date, January 18, 1988, to obtain an attorney and prepare for trial. When the case was called in January defendant explained to the judge that he had not obtained counsel because he first had to purchase new clothes and personal belongings to replace those stolen when he was evicted from his apartment while in jail and had talked to several attorneys who required payment of between $2,500 and $5,000 to take his case, which defendant could not afford. Although the State announced ready, the record shows the case was again continued. Again defendant applied to the public defender's office for counsel and again he was found to be ineligible. The case was not reached for trial until November 1, 1988, over one year from defendant's release from jail during which time defendant was employed and earning income in excess of the indigent defense guidelines for the county. Defendant announced ready to commence the

trial.

At the hearing on defendant's motion for new trial defendant admitted he was granted several continuances to afford him the opportunity to obtain counsel but defendant held to the belief that the case might be dismissed for lack of evidence. The record shows the trial court heard the evidence which arguably supports defendant's claim for appointed counsel under the special circumstances provision of the rules and nevertheless, in its discretion, denied defendant's request for appointed counsel. Thus, I cannot agree with the conclusion of the majority that defendant's "special circumstances" were not appropriately considered. In my opinion, neither the evidence presented prior to trial nor the evidence presented at the hearing on defendant's motion for new trial requires the trial court, as a matter of law, to appoint counsel to defendant under the "special circumstances" provision of the rules for determining eligibility for appointed counsel. Both Rule 29.5 and the guidelines adopted by Cobb County leave the decision to appoint counsel under special circumstances to the discretion of the trial court. A decision left to the discretion of the trial court will not be overturned on appellate review unless the record shows an abuse of discretion. I find no such abuse in this case and therefore believe we should hold the trial court did not err in denying defendant's request for appointed counsel.

2. Neither do I believe the trial court erred in denying the motion for new trial on the ground defendant's attorney failed to provide effective assistance of counsel. Defendant points to three alleged errors to support his claim of ineffective assistance of counsel: his attorney's lack of adequate opportunity to prepare for trial, the attorney's failure to object to certain testimony and the attorney's mistake in raising the issue of defendant's prior criminal record, thus opening the door to the introduction of harmful character evidence by the prosecutor. Because, as I conclude, the defendant was not entitled to appointed counsel, the attorney's lack of an adequate opportunity to prepare for trial is due to defendant's own failure to retain counsel prior to the commencement of trial. Defendant's second argument for showing ineffective assistance of counsel is also meritless. The testimony of certain witnesses concerning statements made to them by the victim is admissible pursuant to OCGA § 24-3-16 and the attorney's failure to object on the ground such testimony impermissibly bolstered the victim's testimony does not show attorney error. Finally, the testimony of defendant's trial attorney at the hearing on defendant's motion for new trial shows the attorney's decision to question defendant about his prior criminal record was not based solely on a lack of understanding that such testimony would permit the prosecution to present prejudicial character evidence but also on defendant's own misrepresentation to the attorney that he had no prior criminal

record as an adult. Error which is induced by the defendant provides no basis for appeal. See *Edwards v. State*, 235 Ga. 603 (2) (221 SE2d 28) (1975).

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray and Presiding Judge Banke join in this dissent.

DECIDED DECEMBER 4, 1990 —
REHEARING DENIED DECEMBER 20, 1990 — 

*Larry W. Yarbrough*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.

*Gary R. Pelphrey*, amicus curiae.