## A92A1456. HOUSTON v. THE STATE.
### (423 SE2d 431)

JOHNSON, Judge.

Donald Houston appeals from his conviction of child molestation and the denial of his motion for a new trial. Houston contends that the trial court erred in ordering him to proceed to trial unassisted by counsel without establishing that he had made a voluntary and knowing waiver of his right to counsel. Houston's contention is meritorious.

Houston appeared in court on the date of his trial without an attorney. At that time, the trial judge refused to appoint a lawyer to represent Houston and refused to continue the case to allow Houston the opportunity to retain an attorney. The court stated that over a year earlier, at his arraignment, Houston was instructed to hire an attorney because the public defender had determined that Houston was not indigent and therefore did not qualify for the public defender's services. Further, the court said that since the arraignment

the public defender had determined that Houston still was not indigent. The record contains no evidence, however, that the court itself ever questioned Houston as to his financial situation or attempted to make a determination, independent of the public defender's claims, as to whether Houston was indigent. Moreover, the record contains no evidence that the judge ever asked Houston his reasons for appearing in court without an attorney. Although the court refused to appoint an attorney to represent Houston or to continue the case, it did have an attorney sit with Houston and advise him during the trial. Nonetheless, the court clearly ruled that the attorney, acting "as a friend of the court," was merely sitting with Houston and was not being appointed to represent him. The trial transcript shows that the attorney actively participated in the trial by questioning both state and defense witnesses, although it is clear from the record that he was not given time to prepare a defense for the trial.

"A person charged with a felony in a state court has an unconditional and absolute constitutional right to a lawyer. This right attaches at the pleading stage of the criminal process and may be waived only by voluntary and knowing action. Waiver will not be lightly presumed and a trial judge must indulge every reasonable presumption against waiver. . . . For a non-indigent defendant, such as appellant, the constitutional right to counsel only entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services. Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his part to retain counsel may constitute a waiver of the right to counsel. Thus, when presented with a non-indigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control." (Emphasis in original.) (Punctuation and citations omitted.) *Callaway v. State*, 197 Ga. App. 606, 607-608 (398 SE2d 856) (1990). In the instant case, the record fails to disclose whether the trial court even attempted to ascertain whether Houston acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney was attributable to reasons beyond Houston's control. Instead, the court simply told Houston he should have hired an attorney during the year between his arraignment and trial, without ever determining the reasons why Houston had appeared for his trial without counsel. "Under these circumstances, the trial court abused its discretion when it forced defendant to proceed to trial without the assistance of counsel." (Citations omitted.) *Callaway*, supra at 608.

Moreover, we find that this abuse of discretion was not cured either by the court's order that an attorney "sit" with Houston during the trial or by the attorney's active participation in the trial. The trial court's ruling and the attorney's conduct amounted to a denial of assistance of counsel. "The benefit of counsel guaranteed by the Georgia Constitution is not satisfied merely because the defendant is represented by counsel on his trial, but his counsel is entitled to a reasonable time after his employment to prepare a defense in order that he may adequately and effectively represent his client. [Cit.]" *Lowrance v. State*, 183 Ga. App. 421, 422 (1) (359 SE2d 196) (1987). Here, the attorney was not given a reasonable time to prepare a defense on behalf of Houston. Accordingly, the trial court erred in failing to insure that Houston knowingly and voluntarily waived his right to counsel.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 5, 1992.

*Willie J. Woodruff, Jr.,* for appellant.
*Lindsay A. Tise, Jr., District Attorney,* for appellee.