S92A1286. POOLE v. THE STATE.
(424 SE2d 275)

CLARKE, Chief Justice.

The defendant, Gregston Poole, was convicted of the malice mur

der of Christopher Brown and sentenced to life imprisonment.[1] From the evidence presented at trial, the jury was authorized to find that both the defendant and the victim were romantically involved with Demetria Brockington. Although Brockington had broken off her relationship with the defendant several months earlier, she spent the day prior to the shooting with him. On the day of the shooting the defendant arrived at the home of Brockington's mother, bringing flowers to Demetria as a Valentine's Day gift. The victim was there, and the defendant and Demetria began arguing about their relationship. The defendant placed the vase of flowers on the victim's car; the victim asked the defendant to remove them so that he could leave. Brockington's mother came out of her home and asked the defendant to leave. According to the testimony of eyewitnesses, the defendant agreed to leave, and walked away. He then turned and began firing his gun at the victim who was running away from the defendant. The defendant's bullets struck the victim in the forearm and in the back. The victim died as a result of internal bleeding from the wound in his back.

Police officers found six 9 millimeter shell casings at the scene, all of which, according to the testimony of a ballistics expert, had been fired from the defendant's weapon. No weapon was found on the victim or in his vehicle.

The defendant testified that he and the victim had previously argued over their shared relationship with Demetria, and that the victim had threatened him. The defendant further testified that, on the day of the shooting, the victim removed a gun from his car and attempted to fire at the defendant, but that the gun did not discharge. The defendant then drew his gun and each man ran to opposite sides of the house. The defendant testified that when the victim came up behind him and drew his gun, the defendant fired two shots in the air. The defendant then fired two shots "in [the victim's] direction." The defendant testified he fired two other shots at the tires of the victim's car.

1. Examining this evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant argues that the trial court erred in denying his motion for new trial on the ground that a juror was untruthful during

---

[1] The crime was committed on February 14, 1991. The defendant was tried, convicted and sentenced on August 13, 1991. The defendant filed his motion for new trial on September 11, 1991, and amended it on May 20, 1992. The trial court denied the motion on June 18, 1992, and the case was docketed in this court on August 11, 1992. The case was submitted to us on briefs on September 4, 1992.

670 Go, et al. v. Mu, et al. 670
670

voir dire.

Neither the State nor defense counsel inquired during voir dire whether the prospective jurors knew the victim. Just before trial commenced, defense counsel informed the court that he had learned that Sonya Green, who had been selected to serve on the jury, had been previously seen in the company of the victim. The trial court permitted defense counsel to question Ms. Green under oath. She testified that she had gone to school with the victim, but otherwise had not associated with him. She further testified she had never been to a social function where he was present, but that she had seen the victim "in passing." Defense counsel did not move to have the juror struck for cause, and the trial court ordered Ms. Green to take a seat in the jury box. No objection was made.

On motion for new trial the defendant offered the testimony of two witnesses who stated that Ms. Green and the decedent had been present at the same party, although these witnesses could not testify that the decedent and Green were there together, or had even spoken at this function. Another witness testified that he had seen the victim and Green conversing several times at Green's workplace during a period of one to two years prior to the shooting. The trial court rejected the defendant's argument that he was entitled to a new trial on account of Ms. Green's alleged untruthfulness on voir dire. We agree with this ruling.

In order to obtain a new trial in this circumstance, the defendant must show that the juror "failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *Isaacs v. State*, 259 Ga. 717, 741 (386 SE2d 316) (1989). The evidence in this case does not show that Green was dishonest in her answers to material questions. She admitted a passing acquaintanceship with the victim; she was not asked whether she had èver had a conversation with him. See *Glennville Wood Preserving Co. v. Riddlespur*, 247 Ga. 3 (276 SE2d 1) (1981) (Clarke, J., concurring). Further, even if Green had spoken to the victim, the defendant has failed to show that such a fact would have affected Green's impartiality, and thus provide a valid basis for challenging Green for cause.

*Judgment affirmed. Hunt, P. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 8, 1993.

*Hudson & Solomon, Keith H. Solomon,* for appellant.

*Harry D. Dixon, Jr., District Attorney, John A. Rumker, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary*

*H. Hines, Assistant Attorney General,* for appellee.