## A93A1589. SMITH v. THE STATE.
(440 SE2d 44)

ANDREWS, Judge.

Smith, convicted of simple battery, a misdemeanor, questions whether the trial court erred in failing to appoint counsel to represent him, to inquire as to his indigency, to adequately advise him of the perils of proceeding pro se, and to make a determination as to his competency to stand trial.

Smith was charged by accusation with one count of criminal trespass and one count of simple battery and pled not guilty. The court subsequently entered an order noting that Smith had indicated at arraignment that he would hire private counsel. The accusation was later amended by adding one count of criminal trespass. Prior to trial, Smith wrote a letter to the court stating that this incident had caused him physical and mental impairment and was partly the cause of his becoming unemployed; that although this had resulted in his indigence, his request for representation by the public defender had been denied on grounds that he did not qualify monetarily; but that he had been unable to employ counsel. He attached documentation in support of his argument that he was indigent, and he asked the court for

advice.

After being rescheduled several times, the case came on for trial before a jury. Smith defended himself. The jury found him not guilty of criminal trespass and guilty of simple battery. The court imposed a fine of $360 and a 12-month probated sentence conditioned upon, among other things, payment of the fine and performance of community service.

1. Smith contends that the court erred in failing to make a determination upon the record of whether he was indigent and therefore entitled to the appointment of counsel to represent him, in the absence of knowing and intelligent waiver of that right; he states that he did not waive his right to counsel, and he complains of the court's failure to advise him of the dangers of proceeding without counsel. See *Fernandez v. State*, 171 Ga. App. 290 (319 SE2d 503) (1984).

A defendant in a misdemeanor criminal prosecution is entitled to appointed counsel only where the defendant is sentenced to actual imprisonment. *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982). As said in *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984), in which the habeas corpus petitioner had been sentenced to 12 months in prison for a misdemeanor, "[w]hen an accused is placed on trial for any offense, whether felony or misdemeanor, for which he faces imprisonment, the constitutional guarantee of right to counsel attaches. Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972)." Where, as here, the defendant was fined and given a conditional, probated sentence, he was not entitled to court-appointed counsel. *Capelli v. State*, 203 Ga. App. 79 (1) (416 SE2d 136) (1992); but see *Lawal v. State*, 201 Ga. App. 797 (1) (412 SE2d 864) (1991) (physical precedent only); *Lowrance v. State*, 183 Ga. App. 421 (1) (359 SE2d 196) (1987) (physical precedent only).

This does not, however, complete the necessary inquiry. The record is devoid of any indication that Smith's rights to retained counsel, at a minimum, were adequately explained to him or were intelligently waived by him.

Georgia's Constitution provides both the right to defend one's cause "either in person or by an attorney" and that a person charged with an offense against the state "shall have the privilege and benefit of counsel." Ga. Const. 1983, Art. I, Sec. I, Pars. XII, XIV.

The dissent hinges its contention on the premise that, since Smith was not sentenced to prison on his misdemeanor conviction of simple battery, he was not entitled to court-appointed counsel. *Capelli*, supra. This emphasis on the source of payment of counsel, however, overlooks the fact that Smith at no point in the record expressed anything other than his desire to *have counsel*. Smith originally intended to retain counsel, which certainly was his constitutional privilege whatever the nature of the charge, as is reflected in

the court's December 30, 1992 order setting the case for trial on the January 22, 1993 calendar. "A criminal defendant does have a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel. *Delk v. State*, 100 Ga. 61 (27 SE 152) (1896); *Long v. State*, 119 Ga. App. 82 (166 SE2d 365) (1969)." *Burney v. State*, 244 Ga. 33, 35 (1) (257 SE2d 543) (1979). There can be no contention that Smith at any point opted, with full knowledge of all his rights, to exercise his right to self-representation. *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981); *Burnett v. State*, 182 Ga. App. 539, 540 (356 SE2d 231) (1987).

Apparently having been unable to retain counsel due to the loss of his job, Smith wrote to the court in a letter dated January 4, 1993 and stamped received by the court on January 14, and provided the court with financial evidence concerning his indigency. Therefore, at this point, some inquiry by the court was required to determine whether or not Smith was indigent under OCGA § 17-12-4 (a). *Lawal*, supra; *Lowrance*, supra; *Butler v. State*, 198 Ga. App. 217, 219 (1b) (401 SE2d 43) (1990) (whole court case, with three judges concurring, physical precedent). See *Houston v. State*, 205 Ga. App. 703 (423 SE2d 431) (1992).

There is no indication of such dilatory tactics by Smith which would have amounted to a waiver of his right to proceed with retained counsel if he was not indigent. *Staples v. State*, 209 Ga. App. 802, 804 (434 SE2d 757) (1993); *Houston*, supra; *Fernandez v. State*, 171 Ga. App. 290, 293 (319 SE2d 503) (1984).

This case is on all fours with and controlled by *Kirkland v. State*, 202 Ga. App. 356, 357 (414 SE2d 502) (1991) and must be reversed.

2. We need not consider the remaining enumerations.

*Judgment reversed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Cooper, Johnson, Blackburn and Smith, JJ., concur. Beasley, P. J., dissents.*

BEASLEY, Presiding Judge, dissenting.

The record in this case does not include a transcript of the trial (the trial court advises that there was not one; we do not know if the trial was recorded) or narrative of the proceedings pursuant to OCGA § 5-6-41 (d). Nevertheless, it shows that defendant sought but was refused a public defender, because he did not qualify as indigent. It also shows that the court did not appoint an attorney or order the services of the public defender, either because the court considered defendant not qualified as indigent or because the court had decided to limit itself to non-incarceration as punishment if defendant was

convicted.[1]

The record unequivocally shows that defendant did not want to represent himself. At arraignment almost two months before the trial actually took place, at which arraignment he was advised of the trial date a month later, appellant indicated that he would hire private counsel. Two weeks after arraignment, appellant sought the appointment of counsel from the court, the public defender's office having rejected his request for assistance. He maintained that he wanted counsel but was indigent and would remain financially unable to retain counsel. The trial date was reset three times and the trial was ultimately held a month from the original trial date. Appellant appeared pro se on each occasion, he never changed his position that he could not afford counsel, and he never elected to represent himself. He continues to contend, on appeal, that he was entitled to appointed counsel, that he did not have counsel because of financial circumstances beyond his control, and that he "was forced to proceed pro-se at the trial."

Appellant proceeds solely on the basis of his Sixth Amendment right to counsel and raises no independent state constitutional or statutory ground. See *State v. Camp*, 175 Ga. App. 591, 592 (1) (333 SE2d 896) (1985); *Daniel v. State*, 199 Ga. App. 180, 182 (404 SE2d 466) (1991) (Beasley, J., concurring specially). The cases he cites rely, in regard to this question, on the Sixth and Fourteenth Amendments and rulings bottomed thereon.

As recognized by the majority, appellant was not entitled to appointed counsel because he was not sentenced to imprisonment; he was required to pay a $300 fine and certain costs over a period of 12 months' probation, and to perform 25 hours of community service. Even though lack of representation may affect the outcome of a trial, under the Sixth and Fourteenth Amendments "[a] defendant in a misdemeanor criminal prosecution is entitled to counsel [provided by the State] only where the defendant is sentenced to actual imprisonment. Argersinger[, supra]; Scott v. Illinois, 440 U. S. 367 (99 SC 1158, 59 LE2d 383) (1979); [cits.]." (Emphasis deleted.) *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982). The limitation was made because, in the words of *Argersinger*, supra at 40, appellant's "liberty [was not] in jeopardy." The Court differentiated in *Scott*, supra at 373, on the rationale that "actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment."

---

[1] "[E]very judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts." *Argersinger v. Hamlin*, 407 U. S. 25, 40 (92 SC 2006, 32 LE2d 530) (1972).

The majority rules that the trial court deprived appellant of an adequate explanation of his right to retain counsel and an express finding that he intelligently waived this right. I agree that this is required whenever a defendant has a choice between self-representation and representation by counsel, either retained or appointed. As to the latter, see *Faretta v. California*, 422 U. S. 806, 835 (95 SC 2525, 45 LE2d 562) (1975): "[A] defendant . . . should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' *Adams v. United States ex rel. McCann*, 317 U. S., at 279."

However, in this case, there was no reason to advise Smith that he had a right to hire counsel and assure that he waived that right before proceeding, such that failure to do so constituted reversible error. First, Smith all along wanted to invoke that right but showed that he could not do so because of his limited means. He was in that class of citizens which cannot reasonably hire counsel, as a practical matter, and is not entitled to appointed counsel, as a legal matter. Second, the concept of waiver means that there is a choice. Here there was no choice. Defendant was forced by his circumstances, in his judgment, to represent himself; the trial court was forced by defendant's non-representation, his repeated appearance without counsel, and his ultimate self-representation to limit the sentence to non-imprisonment terms. The court did not sentence defendant to incarceration, which is an option if defendant has *chosen* self-representation voluntarily and with an understanding of the consequences or has relinquished the choice through lack of diligence in obtaining counsel. *Burnett v. State*, 182 Ga. App. 539 (1) (356 SE2d 231) (1987).

But as noted in *Burnett* at 541, a warning of the danger of proceeding pro se is required only where there is a voluntary invocation of the right to self-representation, citing *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981). Here it was not voluntary, but imposed. The history of the constitutional right to self-representation, which is a personal right, is traced in *Faretta v. California*, supra. There it was held that a state cannot force counsel on an indigent defendant who voluntarily and intelligently elects to represent himself. Smith, on the other hand, did not choose to represent himself.

The majority's requirement of an inquiry as to a knowing and intelligent waiver in this case, *Faretta*, supra at 835, which waiver of course would have to be voluntary as well, means that where retained counsel is not waived but cannot be afforded by defendant, there can be no trial even if imprisonment will not result from a conviction. The only alternative is to appoint counsel in every case where defendant does not qualify for the public defender, is unable to retain counsel,

and does not want to represent himself, even if defendant does not actually face imprisonment.

*Kirkland v. State*, 202 Ga. App. 356 (414 SE2d 502) (1991), should not control, for here it is clear that defendant did not choose to represent himself but was compelled to do so after he was unable to hire counsel.

The conviction should not be reversed on this basis, just as the misdemeanor convictions in *Capelli v. State*, 203 Ga. App. 79 (1) (416 SE2d 136) (1992), where appellants were not sentenced to imprisonment, were not reversed.

I must also point out that, with respect to the reference to *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984), it is not when there is a legal possibility of imprisonment in a misdemeanor case that a Sixth Amendment right to counsel arises. It is only when a loss of liberty actually results. *Johnston v. State*, 236 Ga. 370, 371 (3) (223 SE2d 808) (1976). Jones, like Clarke in *Clarke v. Zant*, supra, was sentenced to incarceration. In this regard, the single-judge opinions in the misdemeanor cases of *Lawal v. State*, 201 Ga. App. 797 (1) (412 SE2d 864) (1991) and *Lowrance v. State*, 183 Ga. App. 421 (359 SE2d 196) (1987), are not authority. Appellant in this case did not suffer a loss of liberty.

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DENIED DECEMBER 20, 1993 —

*Williams & Associates, Rita T. Williams*, for appellant.
Winston J. Smith, *pro se*.
*Ralph T. Bowden, Jr., Solicitor, Jacqueline R. Seabolt, Assistant Solicitor*, for appellee.