A94A1425. HUGGINS v. THE STATE.
(449 SE2d 693)

Pope, Chief Judge.

Defendant was tried by jury and found guilty but mentally ill of the offense of aggravated assault. Defendant was granted an out-of-time appeal, and notice of appeal was filed on March 2, 1994.

On February 8, 1992, Loretta Murphy was working at the Econo Flash convenience store. At approximately 1:45 a.m., a man later identified as defendant rode up on his bicycle and entered the store crying. He told Murphy that a woman had run him off the road but that he was not injured. When she offered to call the police, defendant pulled out a box cutter and told her to stay away from the phone. He began ranting how he did not like women and swung the cutter with the blade extended at her face. Defendant then calmed down and began telling jokes and preaching. Next, he pulled a bag of balloons out of his pocket and made Murphy a balloon swan telling her

he was known as "Balloon Bob." He then instructed Murphy to phone a woman at a Waffle House and say only what he instructed her to or he would cut her. After speaking with the woman, Murphy attempted to dial 911 and defendant swung the blade at her again. After further joking, preaching and threatening, defendant left the store. Defendant returned to the store after the police had arrived and left a rose but was not apprehended. On February 14, defendant returned to the store only to flee after observing Murphy's husband and son enter the store. Early the following morning, defendant was spotted riding his bicycle in circles around an Amoco station approximately one-half mile from the Econo Flash. He was arrested and a box cutter knife was recovered from him.

1. Defendant argues the trial court erred in ordering him to proceed pro se at trial without determining (1) if he voluntarily and knowingly waived his right to counsel, and (2) if his failure to obtain counsel was due to a lack of reasonable diligence on his part. We find defendant's contentions to be controlled in his favor by our recent decision in *Houston v. State*, 205 Ga. App. 703 (423 SE2d 431) (1992), a case which is virtually indistinguishable from the present case. Accordingly, defendant's conviction must be reversed. Id.; *Callaway v. State*, 197 Ga. App. 606 (398 SE2d 856) (1990).

2. Because of our holding in Division 1, it is unnecessary for us to consider defendant's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 27, 1994.

*David A. Lamalva, Joseph F. Bertollo*, for appellant.
*Cheryl F. Custer, District Attorney, S. Dabney Yarbrough, Assistant District Attorney*, for appellee.