## A95A1206. MAXWELL v. THE STATE.
(463 SE2d 517)

RUFFIN, Judge.

Tommy Lee Maxwell was convicted of aggravated assault and possession of a firearm by a convicted felon. On appeal, he contends he is entitled to a new trial because the trial court refused to excuse two jurors who failed to answer a material question during voir dire and whose correct responses would have provided a valid basis for challenges for cause. We disagree and affirm.

During voir dire, the prosecutor asked members of the jury panel whether they knew Maxwell. Ricky Mobley responded that he had known Maxwell since Maxwell was a little boy, that he knew Maxwell's parents well, but that he could be fair and impartial. Dorothy Robertson responded that she knew his family but could set aside her friendship with Maxwell and his family and return a verdict based solely on the evidence presented at trial. Mobley and Robertson were subsequently selected to serve on the jury.

During defense counsel's examination of the panel, he asked whether any of them or members of their immediate families had been victims of a violent crime. Only one prospective juror responded. She indicated that her daughter had been murdered, and as counsel inquired further, she grew emotional and was unable to respond. Counsel then expressed his belief to the court that the juror would have difficulty sitting in a criminal case and asked that she be excused. The prosecutor had no questions for her, and the court excused her.

Two days later, immediately prior to opening statements, defense counsel informed the court that since the jury was empaneled, he learned that Mobley and Robertson failed to answer his question concerning their relationship to a victim of a violent crime and that, in fact, a woman named Dorothy Robertson Mitchell, who was Mobley's sister and Robertson's daughter, was murdered by Maxwell's uncle. Robertson further revealed that Mitchell was previously married to Maxwell's uncle and they had two children. Robertson and Mobley explained that they did not answer because Mitchell's death occurred in Atlanta five or six years before Maxwell's trial and they did not think her death had any bearing on the instant case. They admitted that although they were still affected by Mitchell's death, they would not hold it against Maxwell nor would their knowledge of Maxwell influence them subconsciously. Over defense counsel's objection, the court allowed Robertson and Mobley to remain on the jury. The trial court concluded that Robertson's and Mobley's responses did not demonstrate bias or prejudice.

1. Maxwell contends he is entitled to a new trial because Robertson's and Mobley's failure to answer deprived him of information

concerning their possible inclination, leaning or bias relative to violent crimes and because this information bore directly on the jurors' relationship with him. He also argues that since another juror was excused for cause because her daughter was murdered and Robertson indicated there was still "quite a bit of feeling there" relative to Mitchell's death, there was a good faith basis for a challenge for cause.

At the outset we note that contrary to Maxwell's contention that the excused juror was excused for cause, the record shows that the court excused the juror because she lost her composure and the court agreed that she should not sit on a jury in a criminal case. Moreover, we cannot conclude that Maxwell waived these objections based on Robertson's and Mobley's admissions in open court that they knew him because the record does not establish that at the time they were selected Maxwell knew about Mitchell's death or Robertson's and Mobley's connection to him. Compare *Sanders v. State*, 246 Ga. 42, 43 (3) (268 SE2d 628) (1980).

"In order to obtain a new trial, [Maxwell] must show that the juror[s] failed to answer honestly a material question and that the correct response would have provided a valid basis for a challenge for cause." *Gardiner v. State*, 264 Ga. 329, 333 (3) (444 SE2d 300) (1994). "The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial. [Cit.]" *Isaacs v. State*, 259 Ga. 717, 741 (44) (e) (386 SE2d 316) (1989).

The State concedes that defense counsel's question was material. However, the record does not show that Robertson and Mobley intended to deceive defense counsel inasmuch as they were candid about their prior knowledge of Maxwell and his family. "Moreover, in view of their overall testimony, including their belief that [Mitchell's death] did not affect their ability to be fair and impartial jurors, we do not find that either would have been excludable for cause if the information had been disclosed before trial." Id. See also *Poole v. State*, 262 Ga. 668, 669-670 (2) (424 SE2d 275) (1993). Accordingly, Maxwell is not entitled to a new trial on this ground.

2. Maxwell also contends the trial court erred in imposing a longer sentence for possession of a firearm by a convicted felon than is allowed by OCGA § 16-11-131 (b). Although the trial court initially pronounced a sentence of ten years on the firearm possession conviction in open court, the prosecutor brought the mistake to the court's attention, and the court entered a five-year sentence on that charge which is authorized by the statute. Thus, this enumeration is without merit.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED OCTOBER 23, 1995.

Adams & Brooks, John B. Adams, J. Kelly Brooks, for appellant.
Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney, for appellee.