## A98A0444. CALLOWAY v. THE STATE.
### (501 SE2d 602)

ANDREWS, Chief Judge.

Larry Dean Calloway appeals from denial of his motion for new trial after conviction of aggravated assault, possession of a firearm by a convicted felon, carrying a pistol without a license, and discharging a firearm on Sunday. He contends the evidence was insufficient and that he was entitled to a new trial because of a claimed relationship between juror Harris and District Attorney Ferguson who prosecuted the case.

1. Calloway contends denial of his motion for new trial on the general grounds was error, thereby raising sufficiency of the evidence. *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988); *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988).

" 'On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. (Cit.)' [Cit.]" *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995).

So viewing the evidence, it was that on Mother's Day 1992, victim Williams encountered Calloway, whom he had known for years, at a store and refused to take Calloway across town in his car as Calloway requested. Calloway, who appeared intoxicated, pulled out a boxcutter and threatened Williams, who left the store and went to Adams' house. A few minutes later, Calloway came up and continued to harass Williams, following him into Adams' house where a shoving match occurred during which Calloway again threatened Williams with the boxcutter. Williams left the house and went toward his car with Calloway following him. Calloway said "[y]ou don't believe I'll shoot you . . . ?" He then shot Williams in the chest and ran from the scene.

Calloway was apprehended several blocks away and a boxcutter

was found on him. The gun was left by Calloway at his sister's house and police retrieved it from there.

While Calloway contended that Williams had a gun and he shot in self defense, the jury resolved this issue adversely to him and the evidence was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Calloway contends that a new trial should be granted because of the discovery of a relationship between juror Harris and the district attorney.

Pretermitting the fact that voir dire is not included in the record before us and, therefore, Calloway has not carried his burden to show error by the record, *Peacock v. Campbell*, 223 Ga. App. 620 (478 SE2d 409) (1996), we conclude that even accepting Calloway's recitation of what happened with juror Harris, there was no error.

" 'In order to obtain a new trial, [Calloway] must show that the juror failed to answer honestly a material question and that the correct response would have provided a valid basis for a challenge for cause.' *Gardiner v. State*, 264 Ga. 329, 333 (3) (444 SE2d 300) (1994). 'The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial. (Cit.)' *Isaacs v. State*, 259 Ga. 717, 741 (4) (e) (386 SE2d 316) (1989)." *Maxwell v. State*, 218 Ga. App. 780, 781 (1) (463 SE2d 517) (1995).

After the trial was over, juror Harris approached the district attorney, shook his hand and mentioned to him that Harris' nephew had played football with Ferguson at Alabama. Before that, Harris had never met Ferguson personally or even seen his nephew and Ferguson play, except on television. Harris acknowledged that he probably did respond negatively to defense counsel's inquiry as to whether he "knew" Ferguson, because, "[o]n a personal basis[,] that's my answer."

There has been no showing that juror Harris was untruthful during voir dire. *Poole v. State*, 262 Ga. 668, 669 (2) (424 SE2d 275) (1993).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 15, 1998.

*Ralph L. Phillips*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.