A95A1371. FLANAGAN v. THE STATE.
(462 SE2d 469)

POPE, Presiding Judge.

Defendant Charles Flanagan was convicted of child molestation

following a jury trial at which he represented himself. Defendant had requested appointment of counsel, but he did not meet the county standards for indigency due to his gross monthly income of $1,169, and his request was denied. The trial court advised defendant to retain counsel and gave him time to do so. Defendant and his family contacted several attorneys and found they needed at least $5,000 for anyone to take the case. Although defendant was able to borrow some money from his employer and tried to borrow more from family members, he could not come up with this amount. He therefore appeared without counsel on the day of trial, and asked the court to consider appointing an attorney to represent him. The court denied this request, and defendant — who claims that he is almost illiterate — went to trial pro se.

In a motion for new trial, defendant (then represented by counsel) argued that the trial court erred in denying defendant's request for appointed counsel and proceeding to trial without first ascertaining whether defendant had exercised reasonable diligence in attempting to retain counsel. The trial court took evidence on the reasonable diligence issue at a hearing on the motion for new trial. In its order, however, the court denied defendant's motion without considering defendant's diligence, holding that defendants like Flanagan who do not meet the indigency standard but nonetheless are unable to retain counsel have no recourse, regardless of how diligent they are: "Unfortunately, defendant falls into 'that class of citizens which cannot reasonably hire counsel, as a practical matter, and is not entitled to appointed counsel, as a legal matter.' *Smith v. State*, 211 Ga. App. 567, 571 (440 SE2d 44) (1993) (Beasley, P. J., dissenting), rev'd 264 Ga. 634 (452 SE2d 90) (1994)." We conclude that while a defendant who is not indigent is not automatically entitled to appointed counsel, he *is* entitled to have the trial court consider his request for appointed counsel based on the individual circumstances of his case; and the defendant's diligence in attempting to retain counsel would be one circumstance to consider. Thus, the trial court erred in denying defendant's request without considering the circumstances of his case, including his diligence.

We have repeatedly held that while the court must provide for representation of an indigent criminal defendant, see OCGA § 17-12-4, it is not obligated to appoint counsel for a defendant, such as Flanagan,[1] who is not indigent. See, e.g., *Everman v. State*, 203 Ga.

---

[1] We recognize the possibility that a county's indigency standard (and the statutory scheme which allows that standard to govern the determination of indigency) may at some point violate defendants' constitutional rights by defining indigency too narrowly. Flanagan does not raise this issue, however. Instead, he accepts the court's determination that he is non-indigent, and argues that he is nonetheless entitled to appointed counsel — or at least to

App. 350 (1) (416 SE2d 861) (1992); *Burnett v. State*, 182 Ga. App. 539, 540 (1) (356 SE2d 231) (1987). Yet the court does have some obligations with respect to a non-indigent defendant appearing before it pro se: " '[W]hen presented with a non-indigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control.' [Cit.]" *Houston v. State*, 205 Ga. App. 703, 704 (423 SE2d 431) (1992). Accord *Callaway v. State*, 197 Ga. App. 606 (398 SE2d 856) (1990); *Burnett*, 182 Ga. App. at 539 (1) (1987).

The court's duty to examine the defendant's diligence is based on the right to counsel, which non-indigent as well as indigent defendants have, rather than the right to *appointed* counsel, which they do not. The State suggests Flanagan voluntarily chose to represent himself after being warned of the consequences of doing so, see *Kirkland v. State*, 202 Ga. App. 356 (414 SE2d 502) (1991), and therefore waived his right to counsel. But from our review of the record, particularly defendant's colloquy with the court immediately prior to his trial, it is clear that defendant preferred to have an attorney and only "chose" to represent himself because he could not afford one. See also *Hasty v. State*, 215 Ga. App. 155 (2) (450 SE2d 278) (1994).

The *Houston* line of cases, holding that the court should determine whether the non-indigent defendant was reasonably diligent, all involved the issue of whether the court should have delayed the trial to allow the defendant to continue his attempts to retain counsel. This is different, of course, from the issue raised by this defendant — whether the trial court should have appointed counsel for him despite his non-indigent status. Nonetheless, the reasoning of these cases leads naturally to the question underlying Flanagan's argument: If a court must grant a continuance to allow a reasonably diligent non-indigent defendant more time to retain an attorney, what must the court do if, even with the continuance, he still has not been able to obtain counsel?

The answer is found in Uniform Superior Court Rules 29.4 and 29.5. While the court does not have the *duty* to appoint counsel for defendants who do not meet the indigency standard, it does have the discretion to do so. See *Butler v. State*, 198 Ga. App. 217 (401 SE2d 43) (1990) (physical precedent only). And this discretion must be affirmatively exercised, based on the individual circumstances of each case; the court cannot simply deny all such requests as a matter of

---

the trial court's consideration of diligence before denying his request for appointed counsel.

policy. Cf. *Stapp v. State*, 249 Ga. 289 (290 SE2d 439) (1982) (conviction reversed where inadequacy of questions on form prevented court from considering special circumstances which may have warranted appointment of counsel); *Cottingham v. State*, 206 Ga. App. 197 (3) (424 SE2d 794) (1992) (adherence to policy in determination of matter within court's discretion amounts to refusal to exercise discretion and abdication of judicial responsibility). In exercising its discretion, the court should also keep in mind that if it appoints counsel, it may order the non-indigent defendant to reimburse the county over time. See OCGA §§ 17-12-10 (c); 17-12-11.

In this case, the trial court's order shows that the denial of defendant's request for counsel was based solely on defendant's failure to meet the indigency standard, without any consideration of his diligence or other special circumstances. Thus, we remand this case for a hearing to allow the trial court to exercise its discretion on whether the circumstances warranted appointment of counsel. Cf. *Hasty v. State*, 210 Ga. App. 722 (1) (437 SE2d 638) (1993). Although the parties have already presented evidence on reasonable diligence, they have not had the opportunity to address other special circumstances, such as defendant's illiteracy, which may militate for or against appointment of counsel in this case. If the trial court in its exercise of discretion concludes that the circumstances warranted appointment of counsel, defendant will receive a new trial; if not, no new trial is necessary.

*Case remanded. Beasley, C. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 27, 1995.

*Valpey & Walker, Gregory W. Valpey*, for appellant.
*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.