A96A1890. MITCHELL v. THE STATE.
A96A1891. HICKS v. THE STATE.
(484 SE2d 271)

McMURRAY, Presiding Judge.

Defendants Mitchell and Hicks appeal their convictions of a violation of the Georgia Controlled Substances Act, trafficking in cocaine. *Held*:

1. Mitchell was a passenger and Hicks the driver of a vehicle pulled over in Butts County for a routine traffic stop for failure to maintain their proper lane. The car belonged to Hicks' girl friend with whom he resided and shared the use of the vehicle.

As one deputy issued Hicks a warning citation, a second deputy walked his police dog around the car. After the police dog alerted to the presence of narcotics, the deputies commenced a search of the car, initially finding nothing, but later finding cocaine under the passenger side floor mat. The cocaine was "under the floor mat, on the flat part before the floor board goes up." The cocaine made a visible hump on the surface of the floor mat. Mitchell was observed to have had his feet on the floor mat.

The cocaine was in the form of two wafer or cookie shaped pieces, each about one fourth of an inch thick and three inches in diameter. The pieces of cocaine were more intact than when later introduced into evidence at trial and there was testimony as to the brittle nature of the substance. The two pieces were packaged in separate plastic bags.

Both defendants question the sufficiency of the evidence to authorize their convictions. Mitchell argues that the evidence shows only his proximity to the contraband and fails to establish that he had any knowledge of its presence beneath the floor mat. The State notes that defendants had traveled from Union City in Fulton County en route to Macon, Georgia, and argues that in view of the brittle nature of the cocaine cookies it is impossible that they would have remained intact beneath Mitchell's feet for the time this journey required, and thus that both defendants were aware of the presence of the contraband. While the first deputy searching the car did not notice the visible hump in the floor mat, a jury could have determined that such would not go unnoticed over this length of journey, particularly when beneath one's feet. Furthermore, there was evidence of extremely nervous conduct by both defendants during the traffic stop and prior to the dog alerting on the car. The evidence included a videotape and a photograph which better enabled the jury to assess defendants' conduct and the condition of the cocaine when discovered.

Hicks argued that there was no evidence connecting him to the contraband other than the fact that it was found beneath the floor

mat of the car he was driving. Hicks maintains that no inference of possession should arise from his control over the car because Mitchell and Hicks' girl friend had equal access to the car. But once more the determinative factor is the inferences which may be drawn from the condition of the brittle pieces of cocaine when discovered beneath the floor mat. The girl friend had no access to the car for some time prior to the beginning of the trip. Hicks testified as to a stop at a gas station after picking up Mitchell during which Mitchell was alone in the car, but this stop was apparently made before any significant progress on the journey was made. Thus, the jury could have inferred from the evidence at trial that the cocaine was placed beneath the mat shortly before it was discovered by the deputies and at a time when it must have been visible to both defendants.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Scott v. State*, 223 Ga. App. 479, 480 (1) (477 SE2d 901). We conclude that the evidence was sufficient to authorize a rational trier of fact to find both defendants guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Cannon v. State*, 211 Ga. App. 835, 836 (440 SE2d 723).

2. Hicks' first enumeration of error maintains that the trial court erred in refusing his request for a continuance and requiring him to proceed to trial unassisted by counsel. The transcript contains a colloquy of about six pages in which it is established that Hicks was originally provided court-appointed counsel and that he fired the court-appointed counsel because he wished to employ counsel. Yet, no employed counsel has made an appearance in the case on his behalf. Hicks represented that he had been making weekly payments to two named attorneys whom he had attempted to hire and that these attorneys were not present and had not made any appearance in the case because they had not been paid enough. The trial court had received notification through the district attorney's office that these attorneys did not represent Hicks. Hicks, who was apparently not indigent, requested court-appointed counsel which was refused. It was clearly established that Hicks had been warned of the hazards of proceeding without an attorney and of the pending trial date.

" '[W]hen presented with a non-indigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control.' [Cit.]" *Houston v. State*, 205 Ga. App. 703, 704 (423 SE2d 431) (1992). Contrary to the State's contention, we find that a review of the entire record, with particular

attention to the above-referenced colloquy, fails to disclose any reasonable support for a conclusion that Hicks failed to act with reasonable diligence in his attempts to hire an attorney. The record shows an attempt by Hicks to employ counsel but that counsel never appeared for him. Beyond Hicks' statement that he had not paid enough, there was no indication as to why Hicks did not succeed in retaining counsel, and whether the failure to pay enough was attributable to reasons within Hicks' control is not shown. There is nothing which explicitly indicates that the trial court addressed the diligence issue, it having referred primarily to the warnings given to Hicks urging him to acquire an attorney. Under these circumstances, the trial court abused its discretion in forcing Hicks to proceed to trial unassisted by counsel. Consequently, Hicks' conviction must be reversed. *Houston v. State*, 205 Ga. App. 703, 704, supra; *Callaway v. State*, 197 Ga. App. 606, 607 (398 SE2d 856).

On remand, if Hicks remains non-indigent and is unable to obtain counsel, the question of whether he should be appointed counsel is a matter within the discretion of the trial court. See *Flanagan v. State*, 218 Ga. App. 598, 600 (462 SE2d 469).

3. In his remaining enumeration of error, Hicks contends the trial court erred in failing to conduct a hearing on his motion to suppress evidence. This contention rests on assertions that the record contains no order on the motion to suppress or other evidence indicating that a hearing was conducted or the motion abandoned. Yet, a supplemental portion of the record does contain an order, filed below subsequent to the filing of Hicks' notice of appeal and also subsequent to the filing of Hicks' brief to this Court, which purports to be a nunc pro tunc order dismissing the motion to suppress due to Hicks' failure to appear for a scheduled hearing thereon. If this order is viable, no error arising from a failure to conduct a hearing on Hicks' motion to suppress is apparent. And assuming that the nunc pro tunc order is a nullity since filed after the trial court's jurisdiction over the case had been severed by the initiation of the appeal, there is still no error apparent since in the absence of the nunc pro tunc order there is no ruling or attempt to elicit a ruling on Hicks' motion to suppress evidence. *Smith v. State*, 221 Ga. App. 428 (2) (472 SE2d 4); *Harris v. State*, 199 Ga. App. 457, 458 (3) (405 SE2d 501). This enumeration of error is without merit.

*Judgment affirmed in Case No. A96A1890. Judgment reversed in Case No. A96A1891. Johnson and Ruffin, JJ., concur.*

DECIDED MARCH 5, 1997 —
RECONSIDERATION DENIED MARCH 18, 1997 — 

*Timothy T. Herring*, for appellant (case no. A96A1890).

*Hemmann & Hemmann, Paul E. Hemmann,* for appellant (case no. A96A1891).

*Tommy K. Floyd, District Attorney, Mark S. Daniel, Thomas R. McBerry, Assistant District Attorneys,* for appellee.