A98A0797. McCALL v. THE STATE.
(503 SE2d 578)

BIRDSONG, Presiding Judge.

William McCall was convicted of aggravated battery and sentenced to ten years imprisonment, being eligible for probation after five years. McCall appeals and asserts seven enumerations of error. For the reasons discussed below, we reverse.

The record shows that on October 5, 1996, McCall was indicted for aggravated battery. On January 29, 1997, McCall appeared for the arraignment on the indictment and was not represented by coun-

sel. He pled not guilty and inquired about obtaining appointed counsel. He was provided an Application for Appointment of Counsel and Certificate of Financial Resources. McCall has only a ninth grade education and did not provide a response to all of the requested information, even though he did put "N/A" in response to some requests. This form shows that McCall's net monthly income was $960 and that he had monthly expenses totaling $270 per month, excluding food and utility expenses. He did not own an automobile, a home or any other assets. He was married and also had an 11-month-old child. He incorrectly stated that his wife was working, but did not provide any information about her income as requested.

The form was presented to the trial court by the district attorney's office in McCall's presence. The trial court asked McCall if he was working and McCall replied that he was working. The trial court immediately responded, "You can hire you an attorney then if you're working." The trial court did not make any additional inquiry into McCall's ability to pay for an attorney or the portions of the form which were not completed before denying McCall's application for an attorney. McCall attempted to hire four different attorneys after his application was denied, but was unable to retain any of them due to a lack of funds. The lowest fee cost offered to him was $1,500.

On February 17, 1997, 19 days after his application was denied, McCall represented himself pro se in a jury trial which started at 2:30 p.m. and resulted in a guilty verdict by 5:10 p.m. There is no evidence in the record that the trial court made any additional inquiry into McCall's ability to pay for counsel, his efforts to retain counsel or why he was not represented by counsel before allowing him to proceed pro se. Likewise, there is no evidence in the record that the trial court advised McCall about the dangers of proceeding without counsel or made a finding that he knowingly and voluntarily waived his right to counsel.

McCall moved for a new trial on the following grounds: (1) he was not given adequate time to prepare for trial; (2) he was not allowed to present evidence of prior threats by the alleged victim or motive, bias or interest of the alleged victim; (3) he was not allowed to present evidence that the alleged victim had threatened to take his child away from him; (4) the county's application for appointment of counsel was inadequate to determine McCall's indigent status; (5) the trial court did not properly determine whether McCall qualified for appointed counsel; and (6) the trial court erred when it failed to inquire about McCall's diligence in retaining counsel.

An evidentiary hearing was held on October 29, 1997, and it was shown that McCall tried to hire an attorney, but was unable to do so due to a lack of funds. McCall and his wife both testified that she was unemployed at the time McCall completed the application for court-

appointed counsel. It was also shown that McCall was two months behind on his rent and that his food expenses and utility bills were approximately $384 per month at the time he completed the application. At the conclusion of the evidentiary hearing, the trial court summarily denied McCall's motion for a new trial. McCall appeals and asserts seven enumerations of error. *Held*:

1. In his seventh enumeration of error, McCall contends that the trial court erred when it failed to inquire into McCall's diligence in attempting to retain counsel. We agree. In *Flanagan v. State*, 218 Ga. App. 598 (462 SE2d 469), we held that even where a trial court determines that a defendant is not indigent, the defendant "*is* entitled to have the trial court consider his request for appointed counsel based on the individual circumstances of his case; and the defendant's diligence in attempting to retain counsel would be one circumstance to consider." (Emphasis in original.) Id. at 599. "While the court does not have the *duty* to appoint counsel for defendants who do not meet the indigency standard, it does have the discretion to do so. And this discretion must be affirmatively exercised, based on the individual circumstances of each case; the court cannot simply deny all such requests as a matter of policy." (Emphasis in original.) Id. at 600. The record shows that the initial denial of defendant's request for counsel was based solely on the trial court's finding that the defendant failed to meet the indigency standard. It also shows that there was no later consideration of his diligence or other special circumstances when he appeared for trial without counsel. We find that the trial court erred when it failed to consider McCall's diligence in attempting to retain counsel before forcing McCall to represent himself in a jury trial.

We also find that the trial court erred when it failed to find on the record that McCall had knowingly and intelligently waived his right to counsel. " 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' " *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49), citing *Johnson v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE 1461). In *Clarke*, the Supreme Court of Georgia held "that in future cases, the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." 247 Ga. at 197.

2. The State contends that any error by the trial court was harmless and that McCall's conviction should nonetheless be affirmed. We disagree. We cannot find, under the facts and circumstances of this

case, that forcing a defendant with a ninth grade education to represent himself was harmless error.

3. Our decision in Division 1 renders McCall's remaining enumerations of error moot. We reverse the judgment of conviction and sentence and remand the case to the trial court with direction that a determination be made, consistent with this opinion, as to the defendant's present eligibility for court-appointed counsel.

*Judgment reversed and case remanded with direction. Johnson and Smith, JJ., concur.*

DECIDED MAY 27, 1998.

*Jason K. Hoffman*, for appellant.
*Robert B. Ellis, Jr.*, District Attorney, *George F. McCranie IV*, Assistant District Attorney, for appellee.