## A01A2184. BOSTIC v. THE STATE.
(555 SE2d 894)

MIKELL, Judge.

After a bench trial, Alfred Saxton Bostic was convicted of trafficking in cocaine and possession of a firearm during the commission of a felony. Appealing the denial of his motion for new trial, Bostic argues that he did not knowingly and intelligently waive his right to a jury trial and that the state withheld discoverable evidence. Having found no evidence in the record that Bostic waived his right to a jury trial, we reverse the conviction and remand for a new trial.

1. "When an accused questions the purported waiver of his right to a jury trial, the State must show on the record that the defendant personally, knowingly, voluntarily, and intelligently waived his right to a jury trial." (Citation omitted.) *Eason v. State*, 249 Ga. App. 738, 740 (2) (549 SE2d 532) (2001). The state may prove this "either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made." (Citation and punctuation omitted.) *Capelli v. State*, 203 Ga. App. 79 (2) (416 SE2d 136) (1992). In this case, the state has not made either showing.

"Although a jury trial may constitutionally be waived, the defendant must personally and intelligently participate in the waiver." (Punctuation omitted.) *Johnson v. State*, 157 Ga. App. 155 (1) (276 SE2d 667) (1981), citing *Patton v. United States*, 281 U. S. 276 (50 SC 253, 74 LE 854) (1930). In *Whitaker v. State*, 244 Ga. App. 241 (535 SE2d 283) (2000), we vacated the judgment where the only evidence of the defendant's waiver was the state's announcement to the court that he had waived his right and an unsigned notation that read, "I waive my right to a jury trial," on the plea and verdict form. Similarly, in *Wooten v. State*, 162 Ga. App. 719 (293 SE2d 11) (1982), we found that the record did not reflect the defendant's waiver where the defendant's counsel stated that the defendant had waived his right to a jury trial in response to a question from the state, but no independent inquiry was made of the defendant.

In this case, the first comment about Bostic's waiver of his right to a jury trial was made in the form of the trial judge's announcement that "each (Bostic and his codefendant) have waived their demand for a jury trial." The only other comment about the waiver was made by Bostic's counsel during the sentencing phase when he stated, "I'd ask the Court to consider the fact that he did agree to a bench trial in this case instead of going through the process of picking a jury, that was Mr. Bostic's decision." No inquiry was made of the defendant. Moreover, at the hearing on the motion for new trial, the prosecutor stated, "As far as the bench trial is concerned, Judge, I don't know by looking at the transcript and looking at the file; what I do know is that a jury trial was waived and a bench trial was had."

We find that there was no showing on the record that Bostic was made cognizant of the right he waived nor did the state introduce extrinsic evidence at the hearing on the motion for new trial to prove that Bostic personally, knowingly, voluntarily, and intelligently waived his right to a jury trial. Accordingly, the trial court erred in denying Bostic's motion for a new trial.

2. The remaining enumeration of error is not likely to recur on retrial.

*Judgment reversed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED NOVEMBER 1, 2001.

*King, King & Jones, David H. Jones, Matthew Ciccarelli*, for appellant.

*William T. McBroom III, District Attorney, Thomas J. Ison, Jr., Assistant District Attorney*, for appellee.