## A01A1642. FORD v. THE STATE.
### (563 SE2d 170)

BLACKBURN, Chief Judge.

Eric Dewayne Ford appeals his conviction by a jury of felony possession of marijuana with intent to distribute and obstruction of a law enforcement officer. In his sole enumeration of error, Ford maintains that the trial court erred in forcing him to proceed to trial pro se with only the assistance of an attorney who was appointed to sit with him and who knew nothing of the case. For the reasons set forth below, we reverse and remand.

On February 4, 1999, Ford and his three co-defendants appeared at an arraignment calendar with other criminal defendants. The district attorney called Ford's case. Ford was not represented by counsel at that time. The district attorney asked Ford if he understood what the charges were against him, and Ford indicated that he did. Ford was then asked by the district attorney how he wished to plead to the charges, and Ford said, "Not guilty."

After Ford entered his not guilty plea, the trial court then inquired if the district attorney had explained to the defendants gathered for the arraignment calendar the function and purpose of the public defender's office. The district attorney indicated that he and the public defender had told those in attendance that the public

defender was available to any defendant who did not feel he could afford to hire an attorney.

The trial court then advised all defendants that the public defender would determine whether or not they were entitled to appointed counsel. The trial court indicated that lawyers should be hired immediately and that delays would not be granted if they were not. He then advised all defendants who needed to do so to talk to the public defender at that time.

On arraignment day, February 4, 1999, Ford applied to the public defender for a court-appointed counsel, who denied the request.

On the day of trial, April 19, 1999, Ford appeared before the court without counsel. The trial court made no inquiry into Ford's indigent status nor his failure to hire counsel. The trial court simply declared that Ford had elected to proceed pro se and that such choice was hazardous as he would be at a disadvantage without counsel.

Ford asked the trial court for a legal counsel to assist him. The trial court appointed an attorney to sit with Ford and assist him. The lawyer advised the court that "I can't tell you how thrilled I am, Judge." Following a jury trial, Ford was convicted.

In arguing that the trial court erred in forcing him to proceed to trial pro se, Ford claims that the trial court did not properly determine the question of his indigent status. We agree. There is simply nothing in the record indicating that the trial court made any inquiry into Ford's financial status.

The State concedes in its brief that the record is silent as to any finding by the trial court on the issue of Ford's financial status but contends that it is undisputed that he did not meet the financial qualifications of the public defender's office. The determination of Ford's indigent status was made solely by the public defender, without participation by the court. The record is silent as to how this determination was made by the public defender. "From the record before us, therefore, it appears that the trial court improperly 'delegated . . . (the) nondelegable duty to inquire about the facts of indigence.' [Cits.]" *Raines v. State*.[1] See also *Martin v. State*[2] ("trial court basically delegated to the public defender a nondelegable duty to inquire about the facts of indigence"). While it is not error to have the public defender interview applicants for appointment of counsel, it is the trial court's responsibility to make a determination of indigence based upon evidence and to establish a record of such finding.

Even assuming that Ford was nonindigent, there is no evidence in the record that Ford voluntarily and knowingly waived his right to

---

[1] *Raines v. State*, 242 Ga. App. 727, 730 (2) (531 SE2d 158) (2000).
[2] *Martin v. State*, 240 Ga. App. 246, 248 (523 SE2d 84) (1999).

counsel. The State suggests that even though the record may not bear witness to a voluntary and knowing waiver on Ford's part, his failure to actively secure counsel demonstrated that he had waived his right to counsel.

A person charged with a felony in a state court has an unconditional and absolute constitutional right to a lawyer which attaches at the pleading stage of the criminal process and may be waived only by voluntary and knowing action. *Callaway v. State*.[3] "Waiver will not be lightly presumed, and a trial judge must indulge every reasonable presumption against waiver." (Punctuation omitted.) Id.

For a nonindigent defendant,

> the constitutional right to counsel only entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services. Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his part to retain counsel may constitute a waiver of the right to counsel. Thus, when presented with a nonindigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control.

(Punctuation omitted; emphasis in original.) *Houston v. State*.[4]

It is clear that the trial court here failed to comply with *Houston*. *Houston* makes clear that, even if the trial court had made a determination that Ford was nonindigent, waiver of the right to counsel could be found only if the trial judge "delay[ed] the proceedings long enough to ascertain whether [Ford] acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney [was] attributable to reasons beyond [his] control." (Punctuation omitted.) *Houston*, supra at 704. Here, there is no evidence that the trial court addressed either the indigence or diligence issues. The record does not show that the trial court made any inquiries about Ford's attempts to secure representation, any difficulties he may have encountered in trying to do so, or whether his failure to secure representation was attributable to reasons beyond his control. We note that this case is clearly distinguishable from those cases in which the defendant has declared his desire to represent himself, as

---

[3] *Callaway v. State*, 197 Ga. App. 606, 607 (398 SE2d 856) (1990).
[4] *Houston v. State*, 205 Ga. App. 703, 704 (423 SE2d 431) (1992).

Ford never did so. He was told by the public defender that he could not have appointed counsel. The fact that Ford did not retain counsel as instructed by the trial court, standing alone, is not sufficient to establish a waiver of right to counsel by the defendant. The record does not reflect any inquiry into Ford's reason for not having hired counsel. The record does not reflect that the trial court inquired into these facts or that there was any basis to determine that Ford had not been diligent in his efforts to obtain private counsel after being informed that a public defender would not be appointed. The trial court merely remarked that Ford apparently had made the choice to go forward without a lawyer. "Under these circumstances, the trial court abused its discretion when it forced defendant to proceed to trial without the assistance of counsel." (Punctuation omitted.) Id. This case is similar to *Houston*, in which the trial court also appointed an attorney to sit with the defendant during trial. As this Court held in *Houston*,

> "The benefit of counsel guaranteed by the Georgia Constitution is not satisfied merely because the defendant is represented by counsel on his trial, but his counsel is entitled to a reasonable time after his employment to prepare a defense in order that he may adequately and effectively represent his client. (Cit.)" *Lowrance v. State.*[5] Here, the attorney was not given a reasonable time to prepare a defense on behalf of Houston. Accordingly, the trial court erred in failing to insure that Houston knowingly and voluntarily waived his right to counsel.

Id. at 705.

The trial court's abuse of discretion was not cured either by the court's order that an attorney "sit" with Ford during the trial or by the attorney's active participation in the trial. *Houston*, supra. "The trial court's ruling and the attorney's conduct amounted to a denial of assistance of counsel." Id.

The trial court erred in failing to insure that Ford knowingly and voluntarily waived his right to counsel. *Houston*, supra. Accordingly, his conviction must be reversed. On remand, if Ford remains nonindigent but does not obtain counsel, "the question of whether he should be appointed counsel is a matter within the discretion of the trial court" after a proper inquiry has been made on the record. *Mitchell v. State.*[6] See also *Flanagan v. State.*[7]

---

[5] *Lowrance v. State*, 183 Ga. App. 421, 422 (1) (359 SE2d 196) (1987).
[6] *Mitchell v. State*, 225 Ga. App. 520, 522 (2) (484 SE2d 271) (1997).
[7] *Flanagan v. State*, 218 Ga. App. 598, 600 (462 SE2d 469) (1995).

*Judgment reversed and remanded. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 25, 2002.

*Walker & Waldrop, Michael S. Waldrop, Tricia B. Smith,* for appellant.

*Richard R. Read, District Attorney, Kirk M. Thomas, Assistant District Attorney,* for appellee.