A07A1346. EVANS v. THE STATE.
(653 SE2d 503)

MILLER, Judge.

Following a jury trial, Gregory Evans was convicted of burglary and giving a false name to law enforcement. He now appeals from the trial court's denial of his motion for a new trial, asserting that the trial court erred in: (i) allowing him to represent himself at trial; and (ii) allowing impermissible testimony regarding his character. Evans further alleges that his trial was tainted by prosecutorial misconduct, and that the trial court erred in failing to intervene when the State engaged in such misconduct. Finding that the trial court erred in allowing Evans to represent himself, we reverse.

When reviewing a trial court's ruling that a litigant knowingly and intelligently waived a right to counsel, we accept the trial court's findings on disputed facts and credibility of witnesses unless clearly

erroneous, but independently apply the law to the facts. See *State v. Rodriguez*, 274 Ga. 728 (559 SE2d 435) (2002).

The record shows that in February 2005, Evans and his wife were found in an unoccupied residence belonging to the estate of Charlene Nalley. When asked by police to identify himself, Evans gave his name as Curtis Allen Evans.

The investigating officers found evidence indicating that Evans and his wife were living in the house. The police impounded Evans' car, which was parked in the driveway of the residence. When they inventoried the vehicle, the police found a number of small figurines and similar items, later identified as having come from the house.

Police arrested Evans at the scene, and he was subsequently charged with one count of burglary and one count of giving a false name to a law enforcement officer.

At the September 8, 2005 calendar call of his case, Evans expressed a desire to dismiss his appointed trial counsel and represent himself. On September 12, 2005, the trial court held a pretrial hearing to determine whether Evans wanted to proceed pro se and, if so, whether his waiver of his constitutional right to counsel was knowing, intelligent, and voluntary. In response to questions from the trial court, Evans indicated that he would like an attorney to represent him at trial, but that he believed his appointed counsel was refusing to act in his "best interests," and suggested she was collaborating with the district attorney's office.

After questioning Evans extensively, the trial court ruled that Evans could not represent himself, finding that rather than seeking to waive his right to counsel, he was merely seeking a different lawyer to represent him. Following the trial court's explanation of its reasoning, Evans argued and gave several rambling statements, insisting that his desire to proceed pro se was genuine. Evans concluded his comments by explaining to the trial judge that he had written him a letter, "which was almost like a transcript," but that he did not get a chance to mail it because "[t]he SWAT team came or something and the SWAT [team] went outside and came back. They had a shakedown and some of my papers were gone or whatever."[1] Immediately after this statement, and without questioning Evans further, the trial court reversed its earlier decision, stating: "Okay. Mr. Evans, I'm going to allow you to represent yourself."

The case proceeded to trial approximately six weeks later, with Evans acting as his own attorney, and resulted in the jury convicting

---

[1] Although Evans does not clarify what his letters were about, based on his comments immediately preceding his statements regarding the letters, it appears they could have been about appointed counsel's alleged deficiencies.

him on both counts. Newly-appointed counsel for Evans then filed a motion for a new trial, which the trial court denied. This appeal followed.

1. Evans' primary argument on appeal is that the trial court erred in finding that he voluntarily, knowingly, and intelligently waived his right to counsel. We agree.

In *Faretta v. California*, 422 U. S. 806, 807 (95 SC 2525, 45 LE2d 562) (1975), the United States Supreme Court held that while a criminal defendant has an absolute right to counsel in any prosecution that could result in imprisonment, the accused also has a fundamental right to represent himself in a state criminal trial "when he voluntarily and intelligently elects to do so." The "determination of whether the defendant's waiver was knowing and voluntary depends upon the particular facts and circumstances in each case, including the defendant's background, experience, and conduct. [Cit.]" *Manning v. State*, 260 Ga. App. 171, 172 (581 SE2d 290) (2003).

Here, assuming arguendo that Evans voluntarily relinquished his right to counsel, the record fails to show that any such waiver was either "knowing" or "intelligent."

> [T]he trial judge has the responsibility of determining whether the accused has intelligently waived his right to counsel. The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.

(Footnote omitted.) *Bollinger v. State*, 272 Ga. App. 688, 689 (1) (613 SE2d 209) (2005).

In fulfilling this responsibility, "a trial judge must investigate as long and as thoroughly as the circumstances of the case . . . demand," (*Prater v. State*, 220 Ga. App. 506, 509 (469 SE2d 780) (1996)), and on appeal, it is the State that bears the burden of demonstrating that the trial court provided the defendant with the information and guidance necessary for a knowing and intelligent waiver. *Manning*, supra, 260 Ga. App. at 171. We recognize that what constitutes sufficient guidance and information necessarily "depend[s] . . . upon the particular facts and circumstances surrounding that case." (Citation and punctuation omitted.) *Reviere v. State*, 231 Ga. App. 329, 330 (1) (498 SE2d 332) (1998). Generally, however,

> to effect a valid waiver, the trial court should advise the defendant of (1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other facts necessary for a broad understanding of the matter.

(Punctuation and footnotes omitted.) *Allen v. State*, 273 Ga. App. 227, 228 (1) (614 SE2d 857) (2005). As these factors reflect, a valid waiver requires that a defendant fully appreciate both the nature and consequences of the constitutional right or rights he has chosen to relinquish and the repercussions of such a waiver. See *Banks v. State*, 260 Ga. App. 515, 520 (580 SE2d 308) (2003). The most effective way of ensuring this understanding is for the trial judge to discuss these matters with the defendant, and such a discussion should be placed on the record.

Considering these factors under the circumstances of the current case, we find that the State has failed to meet its burden. With respect to the burglary charge, the trial court failed to discuss with Evans any lesser included offense. The trial court also failed to explain to Evans either the element of intent or the fact that he could be convicted as a party to that crime, even though both of these principles related directly to the defense theories articulated by Evans. As is explained below, those failures rendered ineffective any waiver by Evans of his right to counsel.

The record demonstrates that Evans believed he had two defenses to the burglary charge. The first defense was that he did not have the requisite intent to commit burglary when he entered the house. Rather, Evans claimed that his car had broken down, it was winter, he and his wife were cold, and entered the house only to "seek shelter." In response, the trial court stated its "assumption" that defense counsel had "talked to [Evans] about how intent can be proved." Evans replied: "Well, he can prove — like I said — once again — there's many ways to prove it." He then diverted to other topics, telling the trial court he was "ready to go to trial," while in the next breath talking about a potential plea deal.

Despite Evans' nonresponsive answer, the trial court failed to explain to him that one accused of burglary need not have intended to steal anything at the time they entered the premises. *Joyner v. State*, 267 Ga. App. 309, 310 (599 SE2d 286) (2004). Rather, the State can argue that the perpetrator formulated his intent to steal after entering the premises and remaining thereon. Id. Nor did the court explain that intent could be proven by circumstantial evidence (id.), and that the jury could infer intent to burglarize from evidence of

unlawful entry into a building where items of value were present.[2] *Studiemeyer v. State*, 278 Ga. App. 756, 757 (1) (629 SE2d 593) (2006).

The trial court also failed to explain that criminal trespass — a misdemeanor — could be considered a lesser included offense of burglary and that, if the evidence warranted it, Evans would be entitled to a jury charge on that offense. *Hiley v. State*, 245 Ga. App. 900 (539 SE2d 530) (2000). This failure was particularly surprising in light of both Evans' assertion that while he broke into the house, he did not burglarize it and his statement to the trial court that until "recently" he did not realize he had been charged with burglary, but instead thought he had been charged with criminal trespass.

Evans' second theory of defense appeared to be that it was his wife who had stolen the items from the house. Despite Evans' statements to that effect, the trial court did not explain that Evans could be found guilty as a party to the crime or what evidence would satisfy the State's burden of proof on that issue.[3]

As the foregoing demonstrates, the trial court allowed Evans to waive his right to counsel without explaining to him either a lesser included offense that was critical to his theory of defense or "other facts necessary for a broad understanding of the matter." (Punctuation and footnote omitted.) *Allen*, supra, 273 Ga. App. at 228 (1). The State, therefore, has failed to prove that such waiver was knowing and intelligent. See *Manning*, supra, 260 Ga. App. at 172; *Prater*, supra, 220 Ga. App. at 509.

Moreover, "we cannot say that the failure to secure a knowing and [intelligent] waiver of the right to counsel was harmless beyond a reasonable doubt. [Cit.]" *Manning*, supra, 260 Ga. App. at 172. Even in those cases where evidence of guilt is "substantial," reversal is required where the record reflects that a defendant "may have lacked an adequate knowledge of trial procedure and evidentiary matters." Id. Accord *Raines v. State*, 242 Ga. App. 727, 730 (1) (531 SE2d 158) (2000) (reversal required where, even though "substantial" evidence of guilt existed, transcript "reflects [defendant's] inexperience in legal matters").

Here, the record shows that Evans had virtually no understanding of procedural matters or evidentiary issues. Nor did he understand what the State was required to prove, and therefore what he was required to defend against, as to the intent element of burglary. Evans also was unaware that when he testified in his own defense he could be cross-examined with respect to his prior arrests, including

---

[2] We note that the trial court charged the jury as to these principles of law.

[3] Again, we note that the trial court gave a jury charge on convicting someone as a party to the crime.

arrests for burglary. Moreover, Evans testified that he was guilty only of criminal trespass, yet he lacked the knowledge that he could request a jury charge on that lesser included offense. See *Hiley*, supra, 245 Ga. App. at 900 ("[W]here the accused admits the unauthorized entry but denies the intent to commit a felony or theft, the trial court must give a requested charge on the lesser included offense of criminal trespass. [Cits.]").

Given these facts, we find that "[t]he requirements essential to a voluntary, knowing, and intelligent waiver of counsel are absent here," and "we cannot conclude that [Evans'] conviction was independent of his decision to represent himself." *Prater*, supra, 220 Ga. App. at 509.

2. In light of our holding in Division 1, supra, we need not address Evans' remaining enumerations of error.

For the reasons set forth above, we reverse the order of the trial court denying Evans' motion for a new trial.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

Decided October 18, 2007 —
Reconsideration denied November 8, 2007 — ▮▮▮▮▮

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Paige E. Boorman, Assistant District Attorney*, for appellee.