## A08A0480. WATKINS v. THE STATE.

(662 SE2d 544)

MIKELL, Judge.

After a bench trial in which Gemayle Watkins represented himself, he was convicted of misdemeanor battery and sentenced to twelve months to serve ten days in confinement and the balance of the sentence on probation. On appeal, Watkins challenges the sufficiency of the evidence and argues that the trial court erred in allowing him to represent himself. Because we find that the state did not meet its burden of showing that Watkins received sufficient information and guidance from the trial court upon which to knowingly and voluntarily relinquish his right to counsel, we reverse.

The record shows that on June 5, 2007, Watkins appeared at an arraignment calendar where he pled not guilty, received notice of a nonjury trial date of July 11, 2007, and signed two waiver forms. On the first form, Watkins checked the box indicating that he wanted a nonjury trial and initialed two of several paragraphs, both of which provided that he understood his right to be represented by an attorney and carefully considered the advantages of speaking with an attorney and the dangers of proceeding without one. The second of the two paragraphs also stated as follows: "I freely, voluntarily, knowingly and intelligently WAIVE AND GIVE UP MY RIGHT to be represented by an attorney in this case. I want to proceed to trial without an attorney and to REPRESENT MYSELF AT TRIAL before the Court." The second form informed defendants of their right to an attorney, whether hired or court appointed, and of the application fee to apply for a court-appointed attorney. It also advised of several areas where an attorney's assistance would be helpful, warned of the danger of proceeding without counsel, and explained the maximum sentence (12 months incarceration) and the fine associated with the charged offense.

When Watkins appeared for his bench trial, the following colloquy occurred:

> Court: Mr. Watkins, you have indicated previously in writing and submitted to the Court that you wanted to give up your right to make application for a court-appointed attorney and proceed today to a non-jury trial and that you wanted to represent yourself. Is that correct?
>
> Mr. Watkins: Yes.
>
> Court: And that is not what you want to do now?
>
> Mr. Watkins: Yeah.

Court: What is it you want to do now?

Mr. Watkins: I want to get a court-appointed lawyer.

Court: So has there been some change in circumstance, Mr. Watkins?

Mr. Watkins: Yes.

Court: What is that?

Mr. Watkins: I just want to get a lawyer, a court-appointed lawyer.

Court: Pardon me.

Mr. Watkins: I just want to get a court-appointed lawyer.

Court: No, sir. That's not what I asked you. What I asked you was: Has there been some change in your circumstance that prevented you from hiring an attorney to represent you in this case because you previously waived your right to legal representation through a court-appointed attorney?

Mr. Watkins: No. There was no change.

Court: If there is no change, Mr. Watkins, then it's incumbent upon you to provide the legal representation in the case. Okay?

Mr. Watkins: All right.

Court: So you're going to proceed today?

Mr. Watkins: Yes, I'm waiting on my witness to come.

Court: So, Mr. Watkins, your witness is here?

Mr. Watkins: Yes.

Court: So you're ready to go?

Mr. Watkins: Yes.

The trial court then gave Watkins a form entitled "Waiver of Right to the Assistance of Counsel During Trial." The court checked a box on the form that indicated that Watkins intended to represent himself at trial and told Watkins to initial by the checkmark if that is what he wanted to do, and to read the form from top to bottom. Watkins wrote his initials next to the checkmark, and the trial proceeded.

1. Watkins argues on appeal that he was denied his right to counsel, and we agree.

"When an accused is placed on trial for any offense, whether felony or misdemeanor, for which [he] faces imprisonment, the constitutional guarantee of right to counsel attaches."[1] This constitutional right "invokes, of itself, the protection of a trial court, in

---

[1] (Citations and punctuation omitted.) *Hamilton v. State*, 233 Ga. App. 463, 465-466 (1) (b) (504 SE2d 236) (1998). See also *Braswell v. State*, 240 Ga. App. 510 (1) (523 SE2d 904) (1999).

which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.''[2] The

> [w]aiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be *evidence of relinquishment* of this right. In other words, the record should establish that the defendant knows what [he] is doing in choosing self-representation and that [his] choice is made with eyes open.[3]

''The determination of whether the defendant's waiver was knowing and voluntary depends upon the particular facts and circumstances in each case, including the defendant's background, experience, and conduct.''[4] In making that determination, ''a trial judge must investigate as long and as thoroughly as the circumstances of the case demand''[5] and on appeal, the state bears the burden of demonstrating that the trial court provided the defendant with the information and guidance necessary for a knowing and intelligent waiver.[6]

In this case, Watkins requested court-appointed counsel before his trial began. The trial court denied his request, relying on the waiver forms signed by Watkins and Watkins's indication that there had been no change in his circumstances,[7] without any discussion whatsoever with Watkins to ensure that he fully appreciated both the nature and consequences of the constitutional right that he had relinquished and the repercussions of such a waiver, which is required to effect a valid waiver.[8] Although we acknowledge that

---

[2] (Citation and punctuation omitted.) *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981). Accord *McCall v. State*, 232 Ga. App. 684, 686 (1) (503 SE2d 578) (1998).

[3] (Citations and punctuation omitted; emphasis in original.) *Hamilton*, supra at 466 (1) (b).

[4] (Citation and punctuation omitted.) *Evans v. State*, 288 Ga. App. 304, 306 (1) (653 SE2d 503) (2007).

[5] (Citation and punctuation omitted.) Id.

[6] Id.

[7] Whether the circumstances to which the court and Watkins referred pertained to Watkins's indigence or diligence in securing representation is not mentioned in the record. Watkins does not raise on appeal the question of the court's failure to inquire as to his indigence or diligence. We have held, however, that an abuse of discretion occurs when a trial court forces a defendant to proceed to trial without the assistance of counsel but does not inquire into the defendant's indigency status or attempts to retain private counsel. *Ford v. State*, 254 Ga. App. 413, 416 (563 SE2d 170) (2002).

[8] *Evans*, supra at 307 (1).

there is no magic language that a trial judge must use to determine whether a defendant has made a valid waiver of his right to counsel,[9]

> the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.[10]

Because there was no such evidence in the record of any discourse between the court and Watkins, we must reverse and remand this case to the trial court for a new trial.[11]

2. Watkins also challenges the sufficiency of the evidence. Pursuant to OCGA § 16-5-23.1 (a), a person commits the offense of misdemeanor battery when he intentionally causes substantial physical harm or visible bodily harm to another. Subsection (b) of this Code section defines "visible bodily harm" as "bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts."

Viewing the evidence with all inferences in favor of the factfinder's conclusion as we must on appeal from a bench trial, and giving due regard to the trial court's opportunity to judge witness credibility,[12] we find that the evidence was sufficient at trial to support a conviction under the standards of *Jackson v. Virginia*.[13] In this case, the victim testified that on the day before the incident in question occurred, March 30, 2007, she told Watkins that she no longer

---

[9] *Hamilton*, supra.

[10] *Clarke*, supra at 197. Accord *Holt v. State*, 244 Ga. App. 341, 343 (1) (535 SE2d 514) (2000). See also *Evans*, supra ("most effective way of ensuring this understanding [of defendant's appreciation of his rights] is for the trial judge to discuss these matters with the defendant, and such a discussion should be placed on the record"); *Hamilton*, supra (fitting and appropriate for determination of a proper waiver to appear upon the record).

[11] See *Hamilton*, supra at 469 (1) (c) (no knowing relinquishment of right to counsel where trial court did not provide either a record with sufficient particularity regarding the information given to inform defendant of his right to counsel or to set forth the findings of fact upon which the conclusions of law were based). See generally *Ford*, supra at 415-416 (trial court abused its discretion when it forced defendant to proceed to trial without the assistance of counsel after denying defendant's request for counsel and failing to inquire as to lack of counsel). Compare *Annaswamy v. State*, 284 Ga. App. 6, 7-8 (1) (642 SE2d 917) (2007) (valid waiver found where in addition to evidence that defendant signed waiver form, trial court questioned him about his waiver of the right to counsel); *Bollinger v. State*, 272 Ga. App. 688, 691 (1) (613 SE2d 209) (2005) (valid waiver found where record shows with convincing clarity that the defendant knowingly, understandingly and voluntarily waived the right of representation by counsel and made a decision to represent himself).

[12] *Stadnisky v. State*, 285 Ga. App. 33, 34 (1) (645 SE2d 545) (2007).

[13] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

wished to be in a relationship with him; that she nevertheless agreed to meet with Watkins on March 30 to talk about the relationship; that when she called someone to pick her up from Watkins's house, he snatched her phone from her and began to stomp on it; that Watkins pushed her out of the house as she tried to get her phone then punched her in the right eye with a closed fist; that they fought; and that she tried to call 911 several times. The victim identified photographs that depicted the injuries caused by Watkins, which included a bruise on her shoulder, a black eye, a gash on her chest, and a bruise on her cheek, and testified that she sustained other injuries that were not photographed. Watkins testified that the victim started the altercation, that he repeatedly asked her to leave and tried to force her out of the house, and that the victim sustained a black eye because he threw the cell phone at her after she hit him in the eye with a lamp.

> The victim's testimony alone is sufficient to establish guilt [and] [t]o the extent [that it] conflicted with [Watkins]'s, it was the function of the trial court as the trier of fact — not this Court — to resolve the conflict. Thus, the trial court was authorized to believe [the victim] rather than [Watkins] and find [him] guilty of [battery].[14]

*Judgment reversed and case remanded. Smith, P. J., and Adams, J., concur.*

### DECIDED MAY 1, 2008.

*William R. Folsom*, for appellant.
*Richard W. Shelton, Solicitor-General, Sandra K. Guest, Assistant Solcitor-General*, for appellee.

---

[14] (Footnotes omitted.) *Marshall v. State*, 286 Ga. App. 86, 87 (1) (648 SE2d 674) (2007).