A08A1694. YANCEY v. THE STATE.
(673 SE2d 22)

ADAMS, Judge.

Following a bench trial in which he represented himself, James Michael Yancey was convicted of loitering or prowling. He appeals, arguing that he is entitled to a new trial because the State has failed

---

to meet its burden of showing that he validly waived his right to counsel or his right to a jury trial. Finding merit to these contentions, we reverse.

On appeal, the "heavy" burden is on the State to show that Yancey knowingly and intelligently waived these rights. As we recently stated as to the waiver of the right to counsel:

> When an accused is placed on trial for any offense, whether felony or misdemeanor, for which (he) faces imprisonment, the constitutional guarantee of right to counsel attaches. This constitutional right invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.
>
> The (w)aiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be *evidence of relinquishment* of this right. In other words, the record should establish that the defendant knows what (he) is doing in choosing self-representation and that (his) choice is made with eyes open. The determination of whether the defendant's waiver was knowing and voluntary depends upon the particular facts and circumstances in each case, including the defendant's background, experience, and conduct. In making that determination, a trial judge must investigate as long and as thoroughly as the circumstances of the case demand and on appeal, the state bears the burden of demonstrating that the trial court provided the defendant with the information and guidance necessary for a knowing and intelligent waiver.

(Punctuation and footnotes omitted; emphasis in original.) *Watkins v. State*, 291 Ga. App. 343, 344-345 (1) (662 SE2d 544) (2008).

Similarly, it is well settled that a criminal defendant must personally and intelligently participate in the waiver of his constitutional right to a jury trial. *Pirkle v. State*, 221 Ga. App. 657 (472 SE2d 478) (1996).

In this case, there is no trial transcript and the only evidence of record as to either the waiver of the right to counsel or the waiver of the right to a jury trial is a check mark placed next to the words "non-jury," which Yancey, apparently unrepresented by counsel, signed. At the hearing on Yancey's motion for new trial, the prosecuting attorney stated "I think . . . the Court knows whether he

knowingly and intelligently waived his right to counsel at the bench trial." The trial court then indicated it would deny the motion and added "You all get together and consolidate on findings of fact and make your record for appeal." It appears, however, this was not done. It was incumbent upon the State to prove that the waivers were knowingly and intelligently made either by showing on the record that the defendant was cognizant of the right being waived or by filling a silent or incomplete record with extrinsic evidence which affirmatively shows that the waivers were knowingly and voluntarily made. *Jones v. State*, 294 Ga. App. 169 (670 SE2d 104) (2008); *Bostic v. State*, 252 Ga. App. 242, 243 (1) (555 SE2d 894) (2001). The State did not avail itself of this opportunity either at the hearing on the motion for new trial or at the trial court's invitation following the hearing, and therefore we must reverse and remand this case for a new trial. *Jones*, 294 Ga. App. at 170 (jury trial); *Watkins*, 291 Ga. App. at 345-346 (1) (right to counsel); *Bostic*, 252 Ga. App. at 243 (waiver of jury trial); *Pirkle*, 221 Ga. App. at 658. See also *Capestany v. State*, 289 Ga. App. 47, 49 (1) (656 SE2d 196) (2007) (first appearance hearing).

*Judgment reversed and case remanded. Smith, P. J., and Mikell, J., concur.*

DECIDED JANUARY 23, 2009.

*Clark & Williams, Jason R. Clark, Nathan T. Williams*, for appellant.

*Richard H. Taylor, Solicitor-General*, for appellee.